T.C. Memo. 2005-48

UNITED STATES TAX COURT


DONNIE FRANCIS SCHROEDER, Petitioner v.
COMMISSIONER OF INTERNAL REVENUE, Respondent


Docket No. 1157-04L.                    Filed March 15, 2005.


Donnie Schroeder, pro se.

Alan J. Tomsic, for respondent.


MEMORANDUM OPINION


LARO, Judge: Petitioner petitioned the Court under section 6330(d) to review a determination of the Commissioner's Office of Appeals (Appeals) sustaining respondent's proposed levy upon his property.[1] Respondent proposed the levy to collect 1995 and 1996 Federal income taxes with additions thereto totaling

_____

[1] Unless otherwise noted, section references are to the applicable versions of the Internal Revenue Code.

approximately $24,409.[2]  Following trial of the matter and concessions by respondent, we must decide as to 1995 and 1996 whether Appeals abused its discretion in sustaining the proposed levy.[3]  We hold that it did not.

## Background

Petitioner resided in Verdi, Nevada, when his petition was filed.  He filed Federal income tax returns for 1995 and 1996, and respondent determined a deficiency for each of those years.  Petitioner petitioned this Court to redetermine these amounts; following trial we sustained respondent's determination.  See Schroeder v. Commissioner, T.C. Memo. 2002-211, affd. 63 Fed. Appx. 414 (9th Cir. 2003) (Schroeder I).  Petitioner did not file an appeal bond and respondent assessed on February 3, 2003, the amounts due under our decision in Schroeder I.  Schroeder I was affirmed on May 20, 2003.

On May 15, 2003, respondent mailed to petitioner a Final Notice, Notice of Intent to Levy and Your Right to a Hearing.  Petitioner requested the related section 6330 hearing, which was conducted via correspondence.  Shortly after receiving

[2] We say "approximately" as these amounts were computed before the present proceeding and have since increased on account of interest.

[3] The petition in part sought review of respondent's levy to collect 1990, 1991, 1992, and 1993 penalties under sec. 6702.  We dismissed those years because we lack jurisdiction under sec. 6330(d)(1) to consider such penalties.  Van Es v. Commissioner, 115 T.C. 324, 328-329 (2000).

petitioner's request for a section 6330 hearing respondent mistakenly issued, and then withdrew in less than 2 weeks, a Notice of Levy.  On December 18, 2003, Appeals mailed to petitioner a Notice of Determination Concerning Collection Action(s) Under Section 6320 and/or 6330, sustaining the proposed levy.

## Discussion

We review nonliability administrative determinations for abuse of discretion.  Sego v. Commissioner, 114 T.C. 604, 610 (2000).  Petitioner has not attempted to show that Appeals failed to comply with section 6330.  He raises only two arguments: that collection should have been stayed by his appeal, and that respondent by collecting interest is attempting to levy on an amount greater than that stated by this Court in Schroeder I.[4] We are not persuaded by either argument.

An appeal from a decision of this Court does not operate as a stay of assessment or collection of any portion of the deficiency determined by the decision unless a taxpayer files a bond with the Court on or before the date he files his notice of appeal.  Sec. 7485(a).  Respondent was entitled to proceed with assessment and collection after petitioner filed his notice of appeal without posting a bond.  Respondent is entitled to collect

--------

[4] We disregard petitioner's arguments as to the erroneously issued Notice of Levy since respondent voluntarily withdrew this Notice of Levy shortly after issuing it.

interest on any amount of unpaid taxes, with interest beginning to accrue on such unpaid taxes as of the last date prescribed for payment. Sec. 6601(a).[5] Petitioner has therefore raised no valid arguments that the determination by Appeals was an abuse of discretion, and we sustain that determination. All other arguments by the parties have been considered, and those not discussed herein have been rejected as meritless. Accordingly,

<u>Decision will be entered</u>

<u>for respondent</u>.

---

[5] Respondent concedes that interest accrues on related penalties and additions to tax from Feb. 3, 2003, when respondent assessed petitioner's 1995 and 1996 deficiencies.