**Alvin S. KANOFSKY, Appellant**

v.

**COMMISSIONER OF INTERNAL REVENUE.**

No. 07–1860.

United States Court of Appeals, Third Circuit.

Submitted Pursuant to Third Circuit LAR 34.1(a) March 19, 2008.

Filed: April 1, 2008.

Alvin S. Kanofsky, Bethlehem, PA, pro se.

John Schumann, United States Department of Justice, Tax Division, Washington, DC, for Commissioner of Internal Revenue.

Before: SCIRICA, Chief Judge, HARDIMAN and STAPLETON, Circuit Judges.

## OPINION OF THE COURT

PER CURIAM.

Dr. Alvin S. Kanofsky appeals, pro se, the decision of the United States Tax Court sustaining the determination by the Commissioner of Internal Revenue ("Commissioner") of deficiencies related to his federal tax returns for the years 1996 through 1998. For the reasons that follow, we will affirm the judgment of the Tax Court.

### I.

The parties' familiarity with the facts and procedural history is assumed. To summarize, Kanofsky, a full-time professor of physics at Lehigh University filed individual tax returns in 1996 through 2000 where he reported, on Schedule C, Profit or Loss From Business, zero gross receipts, zero gross income, and substantial deductions from alleged business activities. In April 2004, the Commissioner sent Kanofsky a notice of deficiency ("notice") regarding additional federal income taxes due for the 1996 through 2000 tax years and accuracy-related penalties for 1997. This notice denied all of Kanofsky's 1996–98 Schedule C deductions and also denied

a portion of his 1999 and 2000 deductions.[1] These 1996 through 1998 denials were based on the Commissioner's determination that Kanofsky was not engaged in a trade or business during those years and thus was not eligible to deduct his expenses. See I.R.C. § 162. For 1997, the IRS also determined that Kanofsky was subject to an accuracy-related penalty. See I.R.C. § 6662.

In July 2004, Kanofsky appealed these determinations to the Tax Court. The matter proceeded to trial, and the Tax Court issued a decision in favor of the Commissioner with some computational adjustments. First, the Tax Court sustained the Commissioner's denial of the 1996 through 1998 business expense deductions, determining that the evidence was insufficient to establish that Kanofsky was engaged in a trade or business during that period. Second, the Tax Court issued modifications to the deficiency determinations for 1997 through 1999 in order to address and correct minor computational errors. Third, the Tax Court sustained the 1997 accuracy-related penalty but reduced its amount. Thus, the Tax Court determined deficiencies in income tax paid—due to an increase in Kanofsky's taxable income—for 1996, 1997, 1998, 1999, and 2000 in the amounts of $14,506, $10,109, $10,055, $716, and $2,970, respectively; and an accuracy-related penalty, under I.R.C. § 6662, due for 1997 in the amount of $431. Kanofsky filed a motion to vacate or revise the decision, which the Tax Court denied. Kanofsky's notice of appeal was timely filed.[2] In this appeal he

---

1. For each of these years, the Commissioner permitted some disallowed Schedule C deductions to be converted into Schedule A deductions applying to investment properties. Additionally, for 1999 and 2000, some Schedule C expenses were disallowed for lack of substantiation, but deductions were allowed for business expenses associated with one of Kanofsky's real estate properties.

2. The Tax Court's decision was entered on November 17, 2006, and Kanofsky's motion to vacate was filed on December 19, 2006. The record makes plain, however, that the motion to vacate was postmarked on December 18. Hence, the motion to vacate was timely filed, extending the time in which Kanofsky could file a timely appeal. See Rule 162, *Tax Court Rules of Practice and Proce-*

claims that the Tax Court: (1) improperly denied business expense deductions for 1996–98;[3] and (2) abused its discretion in excluding certain evidence offered by Kanofsky at trial.

## II.

We have jurisdiction to review decisions of the Tax Court under 26 U.S.C. § 7482(a)(1). We review the Tax Court's factual findings for clear error and exercise plenary review over its conclusions of law. *See PNC Bancorp v. Comm'r*, 212 F.3d 822, 827 (3d Cir.2000). Tax deductions are a matter of legislative grace. *See Interstate Transit Lines v. Comm'r*, 319 U.S. 590, 593, 63 S.Ct. 1279, 87 L.Ed. 1607 (1943). Thus, the burden is on the taxpayer to show that the expenses are deductible. *See INDOPCO, Inc. v. Comm'r*, 503 U.S. 79, 84, 112 S.Ct. 1039, 117 L.Ed.2d 226 (1992); *see also Nat'l Starch and Chem. Corp. v. Comm'r.*, 918 F.2d 426, 429 (3d Cir.1990). We review the Tax Court's rulings regarding the admission of evidence and stipulation of fact for abuse of discretion. *See Old Chief v. United States*, 519 U.S. 172, 174 n. 1, 117 S.Ct. 644, 136 L.Ed.2d 574 (1997) (the standard of review applicable to the evidentiary rulings of the trial court is abuse of discretion).

## III.

### A.

■ The Tax Court did not clearly err in finding that Kanofsky was not engaged in a trade or business in 1996–98. Section 162(a) of the Internal Revenue Code permits a deduction for all "ordinary and necessary expenses paid or incurred during the taxable year in carrying on any trade or business." In order to deduct these expenses, however, five requirements must be met: "the item claimed as deductible (1) was paid or incurred during the taxable year; (2) was for carrying on a trade or business; (3) was an expense; (4) was a necessary expense; and (5) was an ordinary expense." *See Neonatology Assocs., P.A. v. Comm'r*, 299 F.3d 221, 228 (3d Cir.2002) (citing *Comm'r v. Lincoln Sav. & Loan Ass'n*, 403 U.S. 345, 352, 91 S.Ct. 1893, 29 L.Ed.2d 519 (1971)). The concept of trade or business is a "concept which falls far short of reaching every income or profit making activity." *Whipple v. Comm'r*, 373 U.S. 193, 202, 83 S.Ct. 1168, 10 L.Ed.2d 288 (1963). As the Supreme Court stated in *Commissioner v. Groetzinger:*

> [N]ot every income-producing and profit-making endeavor constitutes a trade or business.... We accept the fact that to be engaged in a trade or business, the taxpayer must be involved in the activity with continuity and regularity and that the taxpayer's primary purpose for engaging in the activity must be for income or profit. A sporadic activity, a hobby, or an amusement diversion does not qualify.

480 U.S. 23, 35, 107 S.Ct. 980, 94 L.Ed.2d 25 (1987). Further, "[c]ourts have consistently held that section 162(a) does not

---

dure; *see also* Fed. R.App. P. 13(a)(2). The Tax Court entered its decision resolving the motion to vacate on December 20, 2006, so Kanofsky had until March 20, 2007, to appeal. Kanofsky's notice of appeal was timely filed on March 16, 2007.

3. Kanofsky's appeal of the tax court's deficiency determinations is somewhat circumscribed as his brief seeks only the reduction of deficiencies in 1996 through 1998 to amounts comparable to those allowed by the Commissioner in 1999 and 2000 where some, but not all, of his deductions were permitted. For its part, the Tax Court noted that Kanofsky's "evidence of business use for his three properties is no more convincing for 1999 and 2000 than it is for 1996–98"; however, the Commissioner did not disavow its previous decision not to challenge the 1999 and 2000 deductions at trial.

permit current deductions for start-up or pre-opening expenses incurred by taxpayers prior to beginning business operations." *Johnsen v. Comm'r*, 794 F.2d 1157, 1160 (6th Cir.1986); *see also Richmond Television Corp. v. United States*, 345 F.2d 901, 907 (4th Cir.1965) (reasoning that a taxpayer is not " 'engaged in carrying on any trade or business' within the intendment of section 162(a) until such time as the business has begun to function as a going concern and performed those activities for which it was organized")

In his brief, Kanofsky argues that he was "active in business in high technology consulting, real estate development, and corporate start-ups" and also "in owning a music club, a flea market, and for whistle blowing." Further, according to Kanofsky, "[d]uring the years 1996–2000 . . . [he] was further developing ideas for companies, creating companies, and expanding on earlier research projects and ideas, developing patents, and protecting the company interests with law suits, etc. as well as using his building for business purposes and improving the building, such as with extensive renovations and improvements to the exterior." The problem, however, is that he neither produced documentary evidence nor witnesses to corroborate any of these contentions. But even taking Kanofsky's testimony and arguments at face value does him no service as there was no contention that he held himself out as providing goods or services of any kind to anyone. In fact, most of Kanofsky's testimony and appellate filings describe not how he went about conducting his own business, but how others went about conducting theirs. He describes in detail, much of it incendiary and not worth reprinting, how he has been thwarted from conducting his business by numerous third parties in Lehigh Valley, Pennsylvania. These arguments do not advance his cause. Moreover, as the Tax Court also surmised, Kanofsky's 1996 through 1998 Schedule C reporting showing zero gross receipts— but expenses which were greater than his only source of income, wages as a professor, for each year in question—wholly supports a finding that he was not engaged in any trade or business during this period. Finally, Kanofsky argues that the Commissioner was inconsistent in that he ruled that Kanofsky was in business in 1999 and 2000, but not in business in 1996, 1997, and 1998, when he was engaged in essentially identical activity. We note that on this point, Kanofsky may simply be equating inconsistency with benevolence. It is plain from the transcript of the Tax Court's hearing that Kanofsky's 1999 and 2000 returns would in all likelihood have suffered a similar fate as his 1996 through 1998 returns if the Commissioner had sought to challenge them.

Therefore, the Tax Court did not err in upholding the Commissioner's disallowance of the business expense deductions.

### B.

The Tax Court also did not abuse its discretion in excluding certain evidence presented by Kanofsky at trial. In its written opinion, the Tax Court noted that "[d]uring trial, [Kanofsky] tried to place in evidence a number of documents in support of his argument that he incurred deductible business expenses during the years at issue. Most of those documents were not admitted into evidence, either because they constituted inadmissable hearsay, or because their admission into evidence would have violated the [court's] . . . so-called 14–day rule." We find, after reviewing the transcript, that the Tax Court acted within its discretion in excluding the untimely filed documents because they were not produced in accordance with the court's own procedural rule. *See Sunik v. Comm'r*, 321 F.3d 335, 337 (2d Cir. 2003). Further, Rule 143(a) of the Tax

Court Rules provides, in relevant part, that trials before the Tax Court shall be conducted in accordance with the Federal Rules of Evidence. *See also* I.R.C. § 7453. The court also did not err in denying Kanofsky's additional submissions which constituted inadmissible hearsay (handwritten notes and calculations). Moreover, Kanofsky has not demonstrated what any of these documents would have added to his own testimony that same day. The transcript indicates that much of the evidence at issue was at best cumulative, and at worst irrelevant as it related to tax years not involved in the action before the court.

For the foregoing reasons, we will affirm the Tax Court's judgment.