T.C. Memo. 2010-46

UNITED STATES TAX COURT

ALVIN S. KANOFSKY, Petitioner <u>v</u>.
COMMISSIONER OF INTERNAL REVENUE, Respondent

Docket No. 24784-08L.              Filed March 11, 2010.

Alvin S. Kanofsky, pro se.

<u>Alex Shlivko</u>, for respondent.

MEMORANDUM OPINION

LARO, <u>Judge</u>:  Petitioner petitioned the Court under section
6330(d) to review a determination of respondent's Office of
Appeals (Appeals) sustaining a proposed levy upon petitioner's
property.[1]  In <u>Kanofsky v. Commissioner</u>, T.C. Memo. 2006-79

---

[1]Unless otherwise indicated, section references are to the
(continued...)

(Kanofsky I), affd. 271 Fed. Appx. 146 (3d Cir. 2008), we disallowed a portion of petitioner's claimed trade or business expenses for 1996 through 2000 on the grounds that the disallowed expenses were unrelated to petitioner's business activities and upheld a portion of respondent's determination of a section 6662 negligence penalty against petitioner.  Following our decision in Kanofsky I, respondent sought to levy on petitioner's property to collect approximately $56,270 in Federal income taxes for 1996 through 2000 (subject years).[2]  We decide whether Appeals abused its discretion in sustaining the proposed levy.  We hold it did not.

## Background

The parties' stipulation of facts and the accompanying exhibits are incorporated herein by this reference and are so found.

## I.   Petitioner

Petitioner has been a full-time professor of physics at Lehigh University since approximately 1967.  He resided in Bethlehem, Pennsylvania, when his petition was filed.

_____

(...continued)
applicable version of the Internal Revenue Code.

[2]We use the word "approximately" as these amounts were computed before this proceeding and have since increased on account of interest.

II.  Deficiency Litigation

   A.  Overview

   For each subject year, petitioner filed a Federal income tax return on which he reported on a Schedule C, Profit or Loss From Business, expense deductions which offset any tax liability for the year.  Respondent issued to petitioner a notice of deficiency which:  (i) Disallowed most of petitioner's claimed Schedule C expense deductions; and (ii) determined a negligence penalty for 1997 under section 6662(a).

   B.  Court's Decision and Subsequent Appeals

   On July 16, 2004, petitioner petitioned the Court to redetermine the disallowed trade or business expense deductions and the negligence penalty.  In Kanofsky I, we found mostly for respondent, and in doing so, disallowed a portion of petitioner's claimed trade or business expenses and found petitioner liable for the negligence penalty.  We entered our decision on November 17, 2006, and on December 20, 2006, denied a motion by petitioner to vacate or revise the decision.

   Petitioner appealed our decision to the U.S. Court of Appeals for the Third Circuit without filing a bond under section 7485 to stay assessment and collection.  The Court of Appeals affirmed our decision on April 1, 2008.  Kanofsky v. Commissioner, 271 Fed. Appx. 146 (3d Cir. 2008).  On May 16, 2008, petitioner again sought relief from the Court of Appeals by

filing a "Petition for Rehearing on Decision of April 1, 2008 Affirming U.S. Tax Court Decision". On June 4, 2008, the Court of Appeals denied the petition for rehearing.

Petitioner subsequently filed a petition for writ of certiorari with the Supreme Court of the United States to review the Court of Appeal's judgment. Certiorari was denied on December 8, 2008, Kanofsky v. Commissioner, 129 S. Ct. 741 (2008), and petitioner's petition for rehearing with the Supreme Court was denied on February 23, 2009, Kanofsky v. Commissioner, 129 S. Ct. 1406 (2009).

III. Respondent's Collection Action

Respondent pursued collection against petitioner during petitioner's various appeals. On December 22, 2007, respondent issued to petitioner a Final Notice of Intent to Levy and Notice of Your Right to a Hearing (final levy notice) with respect to the collection of petitioner's outstanding income tax liabilities for the subject years. The final levy notice provided petitioner with an opportunity to request a collection due process hearing (hearing) with Appeals, which petitioner requested on January 19, 2008, by filing Form 12153, Request for a Collection Due Process or Equivalent Hearing. On the Form 12153 petitioner reported that he disagreed with respondent's proposed levy because his case was "UNDER APPEAL WITH UNITED STATES COURT OF APPEALS FOR

THE THIRD CIRCUIT." Petitioner did not propose any collection alternatives on that form.

IV.  Hearing and Subsequent Correspondence

On July 11, 2008, Appeals mailed to petitioner a letter which scheduled a telephone conference on August 11, 2008. That letter, among other things, informed petitioner that if he desired Appeals to consider collection alternatives, then petitioner needed to provide respondent with a completed Form 433-A, Collection Information Statement for Wage Earners and Self-Employed Individuals, with supporting documentation and to file Federal income tax returns for 2006 and 2007. That letter also advised petitioner that he should be prepared to discuss collection alternatives. Petitioner subsequently requested a correspondence hearing, and Appeals granted petitioner's request.

On July 28, 2008, Appeals mailed to petitioner a letter which again directed petitioner, to the extent he desired to propose a collection alternative to the levy action, to submit supporting documentation within 14 days. That letter recognized that petitioner had appealed this Court's decision to the Court of Appeals for the Third Circuit and advised petitioner that Appeals does not consider "irrelevant issues, such as moral, religious, political, constitutional, conscientious, or similar grounds." Petitioner did not submit any documents supporting his

position within the specified 14-day period, nor did he propose any collection alternatives during that time.

On August 28, 2008, petitioner sent to respondent via facsimile, a three-page letter stating that petitioner was unable to provide "detailed comments" in response to the July 28, 2008, letter.  Petitioner did not propose any collection alternatives, nor did he file the requested financial forms and missing tax returns.

On September 8, 2008, respondent denied petitioner's request for relief from the proposed levy action by issuing to petitioner a Notice of Determination Concerning Collection Action(s) Under Section 6320 and/or 6330 (notice of determination), with attachment.  The attachment stated that the proposed levy was sustained because petitioner did not present any information to dispute the appropriateness of the collection actions, nor did petitioner submit a collection alternative.  Appeals' case activity report, which is a written record of Appeals' actions during the hearing, references the purported claims of fraud and corruption which petitioner asserted, and deems them irrelevant to the hearing.

V.   Current Case

On October 14, 2008, petitioner petitioned the Court to determine whether Appeals abused its discretion in sustaining the proposed levy on petitioner's property.  The Court held a hearing

on October 19, 2009, during which petitioner was the only witness called by either party.

## Discussion

### I.  Overview

Where, as here, the underlying tax liability is not at issue, we review an Appeals determination solely for abuse of discretion.  See Sego v. Commissioner, 114 T.C. 604, 610 (2000).  Abuse of discretion exists where Appeals acts arbitrarily, capriciously, or without a sound basis in law or fact.  Woodral v. Commissioner, 112 T.C. 19, 23 (1999).  Petitioner advances two theories to support his argument that Appeals abused its discretion:  First, that respondent's levy should have been stayed because of petitioner's appeals to the Court of Appeals and the Supreme Court; and second, that Appeals should have been more "cooperative" in its collection methods.[3]  We are not persuaded by either argument.

---

[3]Petitioner also advances numerous assertions and arguments regarding fraud and corruption within the Pennsylvania legislature and judiciary that, he states, impacted his ability to be fairly treated.  Those assertions and arguments relate to the determination of petitioner's underlying tax liabilities, an issue which was the subject of Kanofsky I.  Therefore, even if we were to assume that these assertions are true, such arguments relate to the determination of petitioner's tax liabilities, which the Court may not consider at this proceeding.  See Giamelli v. Commissioner, 129 T.C. 107, 114-115 (2007).  Of course, res judicata would otherwise appear to bar us from considering the tax liability.

II.  Stay of Collection Action on Account of Appeal

The first issue petitioner raised concerns the appropriateness of a collection action where the underlying tax liability is the subject of a pending appeal.  Petitioner argues that Appeals abused its discretion by pursuing collection while his appeal of Kanofsky I was still pending.  We disagree.

Section 6213(a) bars the Commissioner from assessing a tax liability until our decision becomes final, and section 7481 makes our decisions final when opportunities for appeal have been exhausted.  Section 7485(a)(1), however, supersedes section 6213(a) by providing that assessment shall not be stayed during an appeal unless a taxpayer such as petitioner files a bond with the Tax Court on or before the time his notice of appeal is filed.  See Burke v. Commissioner, 124 T.C. 189, 191 n.4 (2005); Kovacevich v. Commissioner, T.C. Memo. 2009-160 n.4; see also Home Group, Inc. v. Commissioner, 92 T.C. 940, 945-946 (1989) (discussing the reasons behind enactment of section 7485).  The record does not indicate that petitioner posted bond before his notice of appeal was filed or at any time.  Accordingly, petitioner is subject to immediate collection action on the deficiency determined in Kanofsky I.  See Inverworld, Ltd. v. Commissioner, 979 F.2d 868, 872 (D.C. Cir. 1992), affg. 98 T.C. 70 (1992); Schroeder v. Commissioner, T.C. Memo. 2005-48; Hromiko v. Commissioner, T.C. Memo. 2003-107.

III. <u>Appeals' Cooperative Efforts in Installment Payment Program</u>

Petitioner also contends that Appeals abused its discretion in failing to be more "cooperative" in the collection of the amounts to be levied. We disagree.

Before a taxpayer's property may be levied upon, section 6330 requires the Commissioner to give the taxpayer notice of his intent to levy and notice of the right to a fair hearing before an impartial officer of Appeals. Secs. 6330(a) and (b), 6331(d). At the hearing a taxpayer may challenge the appropriateness of collection actions and offer collection alternatives. Sec. 6330(c)(2)(A)(ii) and (iii). At the hearing Appeals must generally consider the above-stated issues raised by the taxpayer, verify that the requirements of applicable law and administrative procedure have been met, and consider whether "any proposed collection action balances the need for the efficient collection of taxes with the legitimate concern of the * * * [taxpayer] that any collection action be no more intrusive than necessary." Sec. 6330(c)(3).

We find that Appeals fully complied with its obligations to petitioner under section 6330. Appeals verified that respondent met the requirements of applicable law and administrative procedure in assessing and demanding payment for the tax liabilities petitioner owed, in issuing the final levy notice, and in providing him with the hearing. Appeals was unable to

consider any collection alternative because petitioner did not make an offer or comply with its requests to provide the financial information required to support any collection alternative and to file delinquent tax returns.

Accordingly, petitioner has not shown that Appeals abused its discretion in furthering its collection efforts by levying on petitioner's property.

## IV. Conclusion

We conclude that Appeals did not abuse its discretion in sustaining the notice of intent to levy, and we hold that collection by levy may proceed. In so concluding, we have considered all arguments made, and, to the extent that we have not specifically addressed them we conclude that it is unnecessary to do so or that they are without merit. To reflect the foregoing,

Decision will be entered for respondent.