**NOT PRECEDENTIAL**

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT
_____

No. 10-3691
_____

ALVIN S. KANOFSKY,
                                        Appellant

v.

COMMISSIONER OF INTERNAL REVENUE
_____

On Appeal from the United States Tax Court
(Tax Court No. 08-24784)
Trial Judge:  Honorable David Laro
_____

Submitted Pursuant to Third Circuit LAR 34.1(a)
April 21, 2011

Before:  FUENTES, GREENAWAY, JR. AND COWEN, Circuit Judges

(Opinion filed: April 21, 2011)

_____

OPINION
_____

PER CURIAM

Appellant, pro se, appeals an order of the United States Tax Court sustaining a

proposed levy as a means of collecting Appellant's delinquent federal income tax

liability.  For the following reasons, we will affirm.

1

I.

In December 2007, the United States Internal Revenue Service ("IRS") sent

Appellant Alvin Kanofsky a notice of intent to levy in an effort to collect his federal

income tax delinquencies for the years 1996 through 2000.[1]  Kanofsky requested a

collection due process ("CDP") hearing before the IRS Office of Appeals regarding the

proposed collection action.[2]  His stated reason for disagreeing with the proposed levy was

that the Tax Court decision regarding these underlying tax liabilities was currently on

appeal in this Court.  Kanofsky did not file a bond with the Tax Court before his appeal,

or at any time thereafter.

The Settlement Officer assigned to his case requested from Kanofsky in writing

that he provide the officer with certain documents necessary to proceed with the CDP

hearing.  Kanofsky's response did not provide these documents, nor did it address any

---

[1] Kanofsky's federal income tax liability was previously decided by the Tax Court and affirmed by this Court.  Kanofsky v. Comm'r, 91 T.C.M. (CCH) 1045 (2006), aff'd, No. 07-1860, 2008 WL 857567 (3d Cir. Apr. 1, 2008).  The Supreme Court subsequently denied Kanofsky's petition for certiorari, 540 U.S. 823 (Dec. 8, 2008), as well as his later petition for rehearing, 129 S. Ct. 1406 (Feb. 23, 2009).

[2] CDP hearings are informal proceedings that provide a delinquent taxpayer with an opportunity to be heard before the IRS can levy upon his or her property in order to satisfy outstanding tax liabilities.  See generally 26 U.S.C. § 6330.  CDP hearings need not be conducted face-to-face and may instead consist of a telephonic conference or correspondence with a Settlement Officer.  Living Care Alternatives of Utica v. United States, 411 F.3d 621, 624 (6th Cir. 2005).  During the hearing, the taxpayer is permitted to propose collection alternatives such as a settlement or payment schedule, and the Settlement Officer ultimately must determine whether the proposed levy "balances the need for the efficient collection of taxes with the legitimate concern of the person that any collection action be no more intrusive than necessary."  26 U.S.C § 6330(c)(3).  The Settlement Officer's decision generally is reviewable by the Tax Court for abuse of discretion.  See Kindred v. Comm'r, 454 F.3d 688, 694 (7th Cir. 2006).  On appeal, the taxpayer may only raise issues raised during the CDP hearing.

matters pertinent to the collection of his tax liability or collection alternatives. On September 8, 2008, the IRS Office of Appeals issued a Notice of Determination approving the proposed levy. In the notice, the Office of Appeals advised Kanofsky that the proposed levy was sustained because he did not present any issues that could be addressed in a CDP action.

Kanofsky timely challenged that determination. A trial was held before the Tax Court, and Kanofsky appeared as the sole witness. Kanofsky attempted to raise claims that he had been prevented from pursuing his business activities due to fraud and corruption and a "crime wave" in Philadelphia. Trial Tr. 15 (Oct. 21, 2009). Kanofsky also attempted to admit as evidence a large folder of documents consisting of docket sheets from criminal cases, newspaper clippings, corporate records, financial information, and other materials. The Tax Court sustained the IRS's objection to admitting this evidence and testimony on the ground that it was not relevant. Further, the court found these arguments to be an impermissible attempt by Kanofsky to relitigate his underlying tax liability. When asked what basis he had for asserting an abuse of discretion, Kanofsky testified that he felt that the Third Circuit should have waited for his appeal to be resolved before imposing the levy, and that the IRS "could have been more cooperative in seeking some sort of accommodation." Trial Tr. at 28.

Following the trial, the Tax Court entered a decision sustaining the determination made by the Office of Appeals. Kanofsky filed a motion to vacate that decision, based on what he described as "overwhelming evidence of Fraud and Corruption." On June 4,

3

2010, the Tax Court denied the motion. Kanofsky now appeals.

## II.

We have jurisdiction pursuant to 26 U.S.C. § 7482(a)(1). We have plenary review over the Tax Court's conclusions of law, but we will not disturb its factual findings unless they are clearly erroneous. Lattera v. Comm'r, 437 F.3d 399, 401 (3d Cir. 2006); PNC Bancorp, Inc. v. Comm'r, 212 F.3d 822, 827 (3d Cir. 2000). Where, as here, the underlying tax liability is not in issue, the determination of the IRS Office of Appeals in a collection due process hearing is reviewed by both the Tax Court and the Court of Appeals for abuse of discretion. See Kindred v. Comm'r, 454 F.3d 688, 694 (7th Cir. 2006); Living Care Alternatives of Utica v. United States, 411 F.3d 621, 625 (6th Cir. 2005).

## III.

We find that the Tax Court correctly held that the Office of Appeals acted within its discretion in permitting the propsed levy to proceed. Kanofsky did not pay the balance due, and the IRS properly issued a notice of intent to levy to collect the unpaid liabilities. During the CDP hearings, Kanofsky failed to propose any collection alternatives or provide the Settlement Officer with the required supporting financial information. Kanofsky was not entitled to relitigate his tax liability during the CDP hearing, since that issue had been determined by the Tax Court, in a decision affirmed by this Court. Kanofsky v. Comm'r, 91 T.C.M. (CCH) 1045 (2006), aff'd, No. 07-1860, 2008 WL 857567 (3d Cir. Apr. 1, 2008). Moreover, Kanofsky was not entitled to a stay

4

of assessment or collection activity pending his appeal because he had not filed a bond with the Tax Court, as specifically required by § 7485 of the Code.[3] See Burke v. Comm'r, 124 T.C. 189, 191 n.4 (2005) ("Petitioner did not file an appeal bond, [under §] 7485, and, therefore, respondent was free to proceed with assessment and collection for the years in issue").

Kanofsky's basis for his appeal includes arguments based on obstruction of justice, corruption and fraud committed by public figures in Pennsylvania and New Jersey. He also appears to argue that in imposing his tax liability, consideration should have been given to his extensive whistleblower activity in the University of Medicine and Dentistry of New Jersey health fraud case. These arguments are not relevant to the imposition of a levy in Kanofsky's case and do not advance his cause. Kanofsky also appears to raise challenges to the underlying merits of his tax liability. These arguments have been previously litigated and are beyond the scope of our review. Kanofsky presents no viable argument that the Tax Court erred in finding that the Office of Appeals did not abuse its discretion in sustaining the levy.

Accordingly, we will affirm.

---

[3] As a general rule, where a taxpayer has challenged a Notice of Deficiency by filing a petition in the Tax Court, 26 U.S.C. § 6213 prohibits the IRS from assessing the tax liability or attempting to collect it by means of a levy until the Tax Court's decision has become final. See 26 U.S.C. § 6213(a). However, pursuant to § 7485, assessment and collection shall not be stayed during an appeal from Tax Court unless a taxpayer files a bond on or before the time he files a notice of appeal. See 26 U.S.C. § 7485(a)(1).