T.C. Memo. 2012-270

UNITED STATES TAX COURT

JUDY VENHUIZEN, Petitioner <u>v</u>.
COMMISSIONER OF INTERNAL REVENUE, Respondent

Docket No. 19660-11L.                    Filed September 24, 2012.

Judy Venhuizen, pro se.

<u>Dean H. Wakayama</u> and <u>Patsy A. Clarke</u>, for respondent.

MEMORANDUM OPINION

LARO, <u>Judge</u>:  This collection review case is presently before the Court on

respondent's motion for summary judgment (motion).  <u>See</u> Rule 121.[1]  The Court

_____

[1]Unless otherwise indicated, Rule references are to the Tax Court Rules of
Practice and Procedure, and section references are to the Internal Revenue Code.

(continued...)

**[*2]** ordered petitioner to respond to the motion, but she failed to do so. The sole issue for decision is whether respondent is entitled to a summary adjudication that his Office of Appeals (Appeals) did not abuse its discretion in sustaining the filing of a notice of Federal tax lien (NFTL) relating to petitioner's 2000 Federal income tax liability. We hold that respondent is so entitled, and we shall enter an order and decision accordingly.

## Background

Our statement of the background of this case is derived from the pleadings, the motion, and the exhibits attached to a declaration that respondent submitted to support the motion. Petitioner listed in the petition that her mailing address was in California, though she specified that Florida was her State of legal residence.[2]

---

[1](...continued)
Dollar amounts are rounded to the nearest whole dollar.

[2]Residence in Florida generally means that an appeal of this case would lie to the U.S. Court of Appeals for the Eleventh Circuit. See sec. 7482(b)(1)(A). In view of the history of this case, which includes petitioner's requesting that her trial be held in California and corresponding regularly from addresses within that State, we are mindful that the parties might later agree in writing to designate the U.S. Court of Appeals for the Ninth Circuit as the venue for appeal. See sec. 7482(b)(2). Whether the appellate venue for this case is the eleventh or the ninth judicial circuit does not create a triable issue of fact because our analysis would be the same under the law of either court.

**[*3]** Petitioner filed her 2000 Federal income tax return (2000 return) late. The 2000 return gave petitioner's address (San Francisco address) as being on Pacheco Street in San Francisco, California (San Francisco). The 2000 return and the supporting schedules reported wage income of $58,778, ordinary dividends of $7, rents received of $10,150, a loss from rental real estate activity of $514, and a loss from a cattle farming activity of $826. Respondent selected the 2000 return for examination and determined various adjustments thereto.

On or about December 16, 2002, respondent mailed to petitioner by certified mail at the San Francisco address a notice of deficiency determining a deficiency of $5,449 in her 2000 Federal income tax, a section 6651(a)(1) addition to tax for failure to file of $109, and an accuracy-related penalty under section 6662(a) of $518. Petitioner did not petition the Court in response to the notice of deficiency, and respondent assessed the tax, the addition to tax, the penalty, and related interest in due course. Petitioner did not file a Federal income tax return for 2001 or 2002.

Petitioner's 2000 Federal income tax liability was mostly unpaid until April 15, 2011, at which time respondent applied petitioner's 2010 Federal income tax refund to satisfy a portion of her tax liability for 2000. Notwithstanding respondent's application of the 2010 refund to petitioner's 2000 Federal income

[*4] tax liability, petitioner continued to owe accrued interest on that liability. As of June 18, 2012, petitioner owed $1,001 of interest related to her 2000 Federal income tax liability.

Petitioner's unpaid 2000 liability was never paid in full, and on August 26, 2010, respondent mailed to petitioner a Notice of Federal Tax Lien Filing and Your Right to a Hearing Under IRC 6320 (CDP notice). The CDP notice advised petitioner that respondent had filed an NFTL to collect from her the then-unpaid 2000 Federal income tax liability of $3,559. The CDP notice also advised petitioner of her right to a hearing to appeal the collection action.[3]

On or about September 15, 2010, petitioner requested the referenced hearing by submitting to respondent Form 12153, Request for a Collection Due Process or Equivalent Hearing. The Form 12153 requested only that the NFTL be discharged because, as petitioner explained, the "tax balance * * * [was] unfounded." The Form 12153 did not propose an offer-in-compromise or an installment agreement as a collection alternative to the NFTL, and it listed petitioner's address as being in Tamarac, Florida.

_____

[3]The record establishes that respondent also issued to petitioner a final levy notice on November 30, 2009, though the record is not clear that she requested a hearing with respect to that collection action. Because the notice of determination concerns only the NFTL, we do not consider the proposed levy (assuming such a collection action was pursued).

**[\*5]** Petitioner's collection due process (CDP) hearing was assigned to Settlement Officer E.A. Stewart (SO Stewart) in Appeals' office in Plantation, Florida (Plantation). By letter dated April 26, 2011, SO Stewart scheduled the CDP hearing with petitioner by telephone. The letter stated that SO Stewart would contact petitioner's representative to conduct the hearing. The letter also advised petitioner that before SO Stewart could consider collection alternatives to the NFTL, petitioner had to submit to respondent within 14 days a completed Form 433-A, Collection Information Statement for Wage Earners and Self-Employed Individuals, with appropriate documentation of all income and expenses reported thereon.

On May 5, 2011, petitioner personally responded to the letter dated April 26, 2011, requesting a face-to-face hearing at respondent's Appeals office in San Francisco. By letter dated May 17, 2011, and citing section 301.6330-1(d)(2), Q&A-D7, Proced. & Admin. Regs., SO Stewart denied petitioner's request because, as SO Stewart explained, Appeals' office in Plantation was the closest Appeals office to petitioner's residence. SO Stewart rescheduled petitioner's CDP hearing for June 6, 2011, and granted her an extension of time until May 31, 2011, to submit the completed Form 433-A. SO Stewart telephoned petitioner's representative at the scheduled time and date, and because petitioner's

[*6] representative was not in the office, left a message requesting a call back. Neither petitioner nor her representative participated in the CDP hearing.

On June 14, 2011, SO Stewart received from petitioner a letter dated May 23, 2011, requesting that the CDP hearing be completed by correspondence and advising that a completed Form 433-A would be sent by May 31, 2011. The letter also requested that SO Stewart correspond with petitioner at an address in Monterey, California. Attached to the letter dated May 23, 2011, was a copy of a Form 433-A reporting petitioner's assets as $720 cash. The Form 433-A also reported that petitioner received monthly Social Security or pension income of $1,600 and incurred expenses of $1,000 for housing and utilities and $300 for food, clothing, and miscellaneous. The Form 433-A also reported petitioner's out-of-pocket health care costs as unknown. Petitioner's representative did not contact SO Stewart, and petitioner did not provide to SO Stewart any documentation in support of the amounts reported on the Form 433-A.

On July 19, 2011, respondent issued to petitioner a notice of determination sustaining the filing of the NFTL. Appeals took the position in the notice of determination that petitioner's receipt of the notice of deficiency precluded her challenging the 2000 underlying tax liability. Appeals also contended that SO Stewart was unable to consider collection alternatives because petitioner did not

**[*7]** submit supporting documentation of income and expenses reported on her previously submitted Form 433-A. Petitioner petitioned the Court in response to the notice of determination, arguing that "The address that the Notice of Deficiency was sent, appears to be misprinted, incorrect or someone committed a U.S. mail crime." The Court set this case for trial in San Francisco.

### Discussion

Summary judgment may be granted with respect to all or any part of the legal issues in controversy where the record establishes "that there is no genuine dispute as to any material fact and that a decision may be rendered as a matter of law." Rule 121(a) and (b); Craig v. Commissioner, 119 T.C. 252, 259-262 (2002). Respondent, the moving party, bears the burden of proving that there is no genuine dispute of material fact, and factual inferences are viewed in the light most favorable to petitioner, the nonmoving party. See Dahlstrom v. Commissioner, 85 T.C. 812, 821 (1985). The party adverse to a summary judgment motion may not rest upon the mere allegations or denials of the party's pleadings but "must set forth specific facts showing that there is a genuine dispute for trial." Rule 121(d). Respondent supports the motion with the pleadings, a declaration of SO Stewart, and various exhibits from the administrative Appeals hearing. Petitioner, in

**[\*8]** failing to respond to the motion, has raised no genuine dispute as to any material fact. Accordingly, we conclude that this case is ripe for summary judgment.

Respondent asserts that he is entitled to judgment as a matter of law for two primary reasons. First, he claims that petitioner's underlying tax liability for 2000 is not properly before the Court because she received, but did not challenge, a properly issued notice of deficiency. Second, he maintains that Appeals did not abuse its discretion in sustaining the NFTL filing. We agree with respondent on both points.

Section 6321 creates a lien in favor of the United States on all property and property rights of a taxpayer liable for Federal tax who neglects or refuses to pay the tax after the Commissioner's notice and demand for payment. Section 6320(a) requires the Commissioner to provide to the taxpayer written notice of the filing of an NFTL within five business days after the lien is filed. Section 6320(b) allows a taxpayer to request a hearing with Appeals to review the propriety of the filing of an NFTL. Under section 6330(c)(2)(A), as made applicable by section 6320(c), a taxpayer may raise at the hearing any relevant issue relating to the unpaid tax such as spousal defenses, challenges to the appropriateness of the collection action, and collection alternatives.

[*9]   In the case of a hearing under sections 6320 and 6330, the Appeals officer must (1) obtain verification from the Commissioner that the requirements of any applicable law or administrative procedure have been met, (2) consider the issues properly raised by the taxpayer, and (3) evaluate whether the collection action balances the need for efficient collection of tax with the taxpayer's legitimate concern that the collection action be no more intrusive than necessary.  Sec. 6330(c)(3).  Following the hearing, Appeals issues its determination by mailing to the taxpayer a notice of determination setting forth its findings and decisions.  Sec. 301.6320-1(e)(3), Q&A-E8, Proced. & Admin. Regs.  Pursuant to sections 6320(c) and 6330(d)(1), a taxpayer may seek judicial review of the notice of determination, as petitioner has done here.

We understand petitioner to assert in the petition that she may challenge the 2000 underlying tax liability because she did not receive a notice of deficiency for that liability.  We disagree that she may challenge her 2000 underlying tax liability.  Under section 6330(c)(2)(B), a taxpayer is precluded from challenging the existence or the amount of an underlying tax liability for any period for which the individual received a notice of deficiency or was otherwise given an opportunity to dispute the tax.  Our review of the record reveals that petitioner

**[\*10]** may not challenge the 2000 underlying tax liability because she received a notice of deficiency but did not petition the Court for a deficiency redetermination.

Section 6212(a) and (b) provides that a valid notice of deficiency has been issued when it is mailed to the taxpayer's last known address. As a general rule, the taxpayer's last known address is the address appearing on the taxpayer's most recently filed and properly processed Federal tax return. See sec. 301.6212-2(a), Proced. & Admin. Regs. A certified mailing list containing substantially the same information as is found on Postal Service Form 3877 raises a presumption in favor of the Commissioner that is sufficient, absent contrary evidence, to prove that a notice of deficiency was properly mailed. Hoyle v. Commissioner, 136 T.C. 463, 468 (2011), supplementing 131 T.C. 197 (2008); see also United States v. Zolla, 724 F.2d 808, 810 (9th Cir. 1984) (Postal Form 3877 is highly probative, without contrary evidence, that a notice of deficiency was properly mailed); United States v. Ahrens, 530 F.2d 781, 784-785 (8th Cir. 1976) (same). Where the presumption is raised, and not rebutted with contrary evidence, we may find that the taxpayer received the notice of deficiency and that challenges to the underlying tax liability are precluded under section 6330(c)(2)(B). Sego v. Commissioner, 114 T.C. 604, 611 (2000); Bailey v. Commissioner, T.C. Memo. 2005-241, 90 T.C.M. (CCH) 392, 395 (2005).

[*11] Respondent supports the motion with substantive evidence showing that the notice of deficiency for petitioner's 2000 tax liability was mailed to her last known address. The record includes a copy of a notice of deficiency for the 2000 taxable year addressed to petitioner at the San Francisco address, a copy of the 2000 return showing that her last known address when the notice of deficiency was issued was the San Francisco address, and a certified mailing list establishing that the notice of deficiency was sent to her by certified mail. Moreover, the record includes evidence that petitioner did not file a Federal income tax return for 2001 or 2002 such that her last known address might have been other than the San Francisco address. Petitioner, in failing to respond to the motion, has not set forth any evidence, much less competent evidence, that she did not receive the notice of deficiency. Petitioner's vague statement in the petition that the notice of deficiency "appears" to have been mailed to the wrong or incorrect address or was criminally intercepted is not sufficient to negate the presumption that the notice of deficiency was properly issued. Accordingly, we conclude that petitioner may not challenge the 2000 underlying tax liability in this collection review proceeding.

Insofar as the underlying tax liability is not properly before the Court, we review the balance of respondent's determination for abuse of discretion. See Sego v. Commissioner, 114 T.C. at 610; see also Fargo v. Commissioner, 447 F.3d

**[\*12]** 706, 709 (9th Cir. 2006), aff'g T.C. Memo. 2004-13, 87 T.C.M. (CCH) 815 (2004). That is, we will not disturb Appeals' determination unless we find it to be arbitrary, capricious, or without sound basis in fact or law. Woodral v. Commissioner, 112 T.C. 19, 23 (1999). Our review of the record reveals no procedural or substantive defects in Appeals' determination that would justify our disturbing SO Stewart's decision to sustain the NFTL filing.

The notice of determination reflects SO Stewart's finding that petitioner was unable to challenge the 2000 underlying tax liability at the CDP hearing because she received a notice of deficiency for that year but did not petition the Court for a redetermination of that liability. By letters dated April 26 and May 17, 2011, SO Stewart sought to hold a CDP hearing with petitioner and her representative, but neither petitioner nor her representative was available for the hearing. The notice of determination also confirms that SO Stewart complied with her other obligations to petitioner under section 6330. The notice of determination confirms that SO Stewart verified that the requirements of applicable law and administrative procedure had been met. SO Stewart was unable to consider issues that petitioner raised at the CDP hearing because petitioner did not participate in the hearing. Nor could SO Stewart consider collection alternatives because petitioner failed to make an offer or substantiate items of income and expense reported on the Form

**[\*13]** 433-A.  <u>See</u> <u>Kanofsky v. Commissioner</u>, T.C. Memo. 2010-46, 99 T.C.M. (CCH) 1179, 1181 (2010), <u>aff'd</u>, 424 Fed. Appx. 189 (3d Cir. 2011).  Finally, SO Stewart balanced the need for efficient collection of tax with petitioner's concern that the collection action be no more intrusive than necessary, concluding that the NFTL was not overly intrusive because petitioner's tax liability was greater than $5,000 and proper notice was provided.  <u>Accord</u> Internal Revenue Manual pt. 5.12.2.4.1(1) (Oct. 30, 2009).[4]  On these facts, we conclude that Appeals did not act arbitrarily, capriciously, or without sound basis in fact or law.  It follows that respondent is entitled to judgment as a matter of law and that Appeals' decision is sustained.  In so deciding, we have considered all of petitioner's arguments for a contrary holding, and to the extent not discussed herein we conclude they are irrelevant, moot, or without merit.

---

[4]The Internal Revenue Manual (IRM) was recently amended to state that NFTLs are generally not filed where the unpaid balance of assessments is less than $10,000.  <u>See</u> IRM pt. 5.12.2.4.1(1) (Mar. 8, 2012) (accompanying note).  However, the IRM states that IRS employees may file an NFTL to protect the Government's interest in cases such as a pending bankruptcy or other exigent circumstances.  <u>Id.</u>

**[\*14]** To reflect the foregoing,

An appropriate order and decision will be entered for respondent.