T.C. Memo. 2015-70

UNITED STATES TAX COURT

ALVIN SHELDON KANOFSKY, Petitioner <u>v</u>.
COMMISSIONER OF INTERNAL REVENUE, Respondent

Docket No. 22008-13L.                         Filed April 8, 2015.

Alvin Sheldon Kanofsky, pro se.

<u>Bradley C. Plovan</u>, for respondent.

MEMORANDUM OPINION

RUWE, <u>Judge</u>:  Petitioner seeks review pursuant to sections 6320(b) and

(c)[1] and 6330(d)(1) of the determination of the Internal Revenue Service to uphold

---

[1]Unless otherwise indicated, all section references are to the Internal Revenue Code as amended, and all Rule references are to the Tax Court Rules of Practice and Procedure.

**[\*2]** the filing of a notice of Federal tax lien for unpaid income tax for 2006 and 2007. Respondent has moved for summary judgment (motion) under Rule 121. Petitioner objects. The matter is ripe for summary judgment.

At the time the petition was filed, petitioner resided in Pennsylvania.

The unpaid tax for 2006 and 2007 was the subject of a recently decided case involving a proposed levy. Kanofsky v. Commissioner, T.C. Memo. 2015-34. In that case this Court upheld the determination to proceed with the levy. The Court rejected petitioner's position in that case and imposed a $20,000 section 6673(a)(1) penalty because petitioner's position was frivolous and his case had been instituted for the sole purpose of delay.

In the instant case petitioner raises the same frivolous arguments.[2] We perceive no need to once again refute those arguments with somber reasoning and copious citation of precedent; to do so might suggest that those arguments have some merit. Crain v. Commissioner, 737 F.2d 1417 (5th Cir. 1984).

_____

[2]See also Kanofsky v. Commissioner, 424 Fed. Appx. 189 (3d Cir. 2011) (per curiam), aff'g T.C. Memo. 2010-46; Kanofsky v. Commissioner, T.C. Memo. 2014-153. To the extent petitioner's response (and attachments thereto) to respondent's motion might be construed as raising any other arguments, we find them to be equally frivolous or irrelevant.

[*3]  For the reasons stated in <u>Kanofsky v. Commissioner</u>, T.C. Memo. 2015-34, we uphold respondent's determination regarding the lien and will require that petitioner pay a penalty under section 6673(a) in the amount of $20,000.

To reflect the foregoing,

<u>An appropriate order and decision will be entered</u>.