**NOT PRECEDENTIAL**

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT
_____

No. 14-4700
_____

ALVIN SHELDON KANOFSKY,
Appellant

v.

COMMISSIONER OF INTERNAL REVENUE
_____

On Appeal from the United States Tax Court
(Tax Court No. 10283-13L)
Tax Court Judge:  Honorable Howard A. Dawson, Jr.
_____

Submitted Pursuant to Third Circuit LAR 34.1(a)
July 8, 2015

Before: FISHER, KRAUSE and VAN ANTWERPEN, <u>Circuit</u> <u>Judges</u>

(Opinion filed: July 13, 2015)
_____

OPINION[*]
_____

PER CURIAM

     Appellant Alvin Sheldon Kanofsky, pro se, appeals from an order of the United

States Tax Court granting summary judgment for the Commissioner of Internal Revenue

---

[*] This disposition is not an opinion of the full Court and pursuant to I.O.P. 5.7 does not constitute binding precedent.

("Commissioner" or "IRS") in an action challenging a tax collection proceeding. For the following reasons, we will affirm the Tax Court's judgment.

I.

This is the third iteration of this tax dispute to come before us. In 1996 through 2000, Kanofsky claimed substantial deductions from alleged business activities on his federal individual income tax returns, despite reporting zero gross receipts or income from those activities. After determining that Kanofsky was not engaged in a qualifying trade or business during those years, the IRS denied the majority of his business deductions and assessed him with tax deficiencies as well as an accuracy-related penalty. Kanofsky filed a petition in the Tax Court, which, following a trial, substantially upheld the IRS's determination while slightly adjusting the IRS's deficiency and penalty assessments. We affirmed. Kanofsky v. Comm'r, 271 F. App'x 146 (3d Cir. 2008) (per curiam) ("Kanofsky I").

In 2007, the IRS sent Kanofsky notice of intent to levy in order to collect on his outstanding liability. At a collection due process ("CDP") hearing, Kanofksy opposed the levy on the ground that his appeal of the deficiency assessment was still pending. The IRS Office of Appeals approved the proposed levy and, following a trial, the Tax Court sustained that determination. We affirmed, noting that Kanofsky's accusations of public fraud, corruption, and obstruction of justice and requests for due consideration of

2

his "whistleblowing" activities were irrelevant and unhelpful. See Kanofsky v. Comm'r, 424 F. App'x 189, 191–92 (3d Cir. 2011) (per curiam) ("Kanofsky II").[1]

In 2012, the IRS sent Kanofksy notification of a federal tax lien in order to collect on his still-outstanding federal income tax liabilities from 1996, 1997, 1998, and 2000, which together totaled $41,807.22. In a CDP hearing,[2] Kanofksy objected on the grounds that the lien exceeded the amount he owed and that his liability was still being litigated and should be mitigated in light of his whistleblower status and his business activities. He did not, however, provide the financial information and unfiled tax returns requested by an IRS settlement officer for purposes of considering collection alternatives, or himself propose any such alternatives. The IRS Office of Appeals approved the proposed lien. Kanofsky filed a petition for relief in the Tax Court, raising the same arguments and again asserting that he has been the victim of fraud, corruption, and retaliation. The Tax Court sustained the IRS's decision and also fined Kanofsky $10,000 for instituting frivolous proceedings for the sake of delay. See 26 U.S.C. § 6673(a)(1). The Tax Court denied Kanofsky's timely motion to vacate or revise its judgment. Kanofsky timely appealed. See 26 U.S.C. § 7483; Fed. R. App. P. 13(a)(1)(B).

---

[1] Kanofksy's attempts to obtain Supreme Court review of both of our 2008 and 2011 decisions were unsuccessful. See Kanofsky v. Comm'r, 555 U.S. 1071 (2008); Kanofksy v. Comm'r, 555 U.S. 1208 (2009); Kanofksy v. Comm'r, 132 S. Ct. 1956 (2012).

[2] A CDP hearing "typically comprises informal oral and written communications between the IRS and the taxpayer." Dalton v. Comm'r, 682 F.3d 149, 155 (1st Cir. 2012). In this case, Kanofsky missed his scheduled telephone hearing with his IRS settlement officer, but subsequently communicated with her via faxed documents.

## II.

We have jurisdiction pursuant to 26 U.S.C. § 7482(a) and exercise plenary review over the Tax Court's entry of summary judgment. See Conn. Gen. Life Ins. Co. v. Comm'r, 177 F.3d 136, 143 (3d Cir. 1999). Rule 121(b) of the Tax Court Rules of Practice and Procedure provides that summary judgment is appropriate where there is no genuine issue as to any material fact and a decision may be rendered as a matter of law. Craig v. Comm'r, 119 T.C. 252, 259–60 (2002). Where the underlying tax liability is not at issue, both we and the Tax Court review the IRS Office of Appeals' determination in a CDP hearing for abuse of discretion. See Kindred v. Comm'r, 454 F.3d 688, 694 (7th Cir. 2006); Living Care Alternatives of Utica v. United States, 411 F.3d 621, 625 (6th Cir. 2005). We will set aside such a determination only if it is "unreasonable in light of the record compiled before the agency." Dalton v. Comm'r, 682 F.3d 149, 154–55 (1st Cir. 2012). Finally, we review the imposition of a penalty under 26 U.S.C. § 6673 for abuse of discretion. See Sauers v. Comm'r, 771 F.2d 64, 70 (3d Cir. 1985).

## III.

Kanofsky argues that, in upholding the tax lien and imposing the § 6673 sanction, the Tax Court: prevented him from introducing evidence of his business activities; ignored his "affirmative defenses of bribery, corruption, conspiracy, duress, etc."; and failed to take into consideration his "whistleblower status." To the extent that these arguments bear any relevance to the tax lien at issue here, they appear to comprise a

4

challenge to the initial determination in Kanofsky I that Kanofsky lacked sufficient business activity to account for the deductions he claimed in 1996 through 2000.

At a CDP hearing, a taxpayer can challenge the "existence or amount of the underlying tax liability for any tax period" if the taxpayer "did not receive any statutory notice of deficiency for such tax liability or did not otherwise have an opportunity to dispute such tax liability." 26 U.S.C. § 6330(c)(2)(B); see also 26 U.S.C. § 6330(c)(4)(A) (precluding a taxpayer from asserting at a CDP hearing an issue raised and considered "in any other previous administrative or judicial proceeding" in which the taxpayer meaningfully participated). Kanofsky received notice of his deficiency for the years at issue and availed himself of opportunities to dispute it, including litigating the matter through trial before the Tax Court. The Tax Court sustained his liability for most of the deficiency the IRS claimed, and we affirmed. See Kanofsky I, 271 F. App'x at 146–50. He is therefore precluded from relitigating that liability in these proceedings. See 26 U.S.C. § 6330(c)(4)(A); see also Comm'r v. Sunnen, 333 U.S. 591, 598 (1948) ("[I]f a claim of liability or non-liability relating to a particular tax year is litigated, a judgment on the merits is res judicata as to any subsequent proceeding involving the same claim and the same tax year.")[3]

---

[3] Kanofsky additionally claims that, during his 2004 trial to determine his tax liability, an IRS attorney fraudulently claimed that Kanofsky had failed to timely submit certain evidence. This claim fails to assist Kanofsky both because it represents a now-precluded attack on his underlying liability, see Sunnen, 333 U.S at 598, and because there is no indication that Kanofsky raised it in his CDP hearing. See Giamelli v. Comm'r, 129 T.C. 107, 115 (2007) (holding that review of CDP determinations extends only to those issues

A CDP hearing permits a taxpayer to challenge the appropriateness of a pending tax lien or levy and/or propose an alternative method of collection. See 26 U.S.C. § 6330(c)(2)(A); Tucker v. Comm'r, 676 F.3d 1129, 1131 (D.C. Cir. 2012). In rendering its determination, the IRS Office of Appeals must verify the legality of the proposed lien and, taking into consideration issues raised by the taxpayer, decide whether the lien "balances the need for the efficient collection of taxes with the legitimate concern of the person that any collection action be no more intrusive than necessary." See 26 U.S.C. § 6330(c)(3). The Tax Court found that the IRS settlement officer verified the legality of the lien and that Kanofsky neither proposed an alternative collection method nor provided the information necessary for the officer to consider one. Given the absence of alternative proposals and Kanofsky's failure to raise any other cognizable challenge to the propriety of the lien,[4] we conclude that the IRS did not abuse its discretion in determining that a lien was appropriate. See Dalton, 682 F.3d at 154–55; Kindred, 454 F.3d at 694. The Tax Court therefore did not err in sustaining that determination. See Conn. Gen. Life Ins. Co., 177 F.3d at 143.

IV.

The Tax Court also did not abuse its discretion in imposing the $10,000 penalty under § 6673. The Tax Court may fine a taxpayer up to $25,000 when it appears that the

raised before the IRS Office of Appeals).

[4] Kanofsky also argued in his CDP correspondence that a lien was inappropriate because he was still litigating the underlying tax liability. He does not, however, raise this

6

taxpayer (1) instituted or maintained proceedings before the Tax Court "primarily for delay," (2) advanced a "frivolous or groundless" position, or (3) "unreasonably failed to pursue available administrative remedies." 26 U.S.C. § 6673(a)(1). An argument is frivolous for purposes of § 6673(a)(1) when it is "contrary to established law and unsupported by a reasoned, colorable argument for change in the law." Coleman v. Comm'r, 791 F.2d 68, 71 (7th Cir. 1986).

In challenging the lien, Kanofksy asserted the same arguments concerning fraud and corruption and his whistleblower status that we and the Tax Court previously told him are irrelevant to his tax dispute. See Kanofsky II, 424 F. App'x at 192. While he claims that he continues to discover more and more evidence of fraud and corruption by "entities obstructing his business activities," he does not explain how such evidence, even if cumulative, shows the inappropriateness of imposing a tax lien. His position neither addressed the criteria set forth at 26 U.S.C. § 6330(c)(3) nor constituted a "reasoned, colorable" legal argument for requiring IRS consideration of the additional circumstances he alleged. See Coleman, 791 F.2d at 71. Moreover, the Tax Court previously warned Kanofsky that the Government was accusing him of asserting "frivolous and groundless" positions for which he could be penalized and that, if he made the same arguments as in Kanofsky I and Kanofsky II, the Tax Court "may well agree" with the Government. See Kanofsky v. Comm'r, T.C. Memo. 2014-153, 108 T.C.M. (CCH) 99 (2014). Under these circumstances, Kanofsky knew or should have known that his arguments were frivolous

---

argument on appeal.

and could subject him to the imposition of a penalty. Therefore, the Tax Court acted within its discretion in imposing the $10,000 penalty. See 26 U.S.C. § 6673(a)(1); Sauers, 771 F.2d at 70.

For the foregoing reasons, we will affirm the judgment of the Tax Court.