ALVIN SHELDON KANOFSKY, Petitioner, v. COMMISSIONER OF INTERNAL REVENUE, Respondent.
Kanofsky v. Comm'r
Docket No. 3774-11
United States Tax Court
2012 U.S. Tax Ct. LEXIS 47; 2013-1 U.S. Tax Cas. (CCH) P50,268; April 27, 2012, Decided
Kanofsky v. Comm'r, 132 S. Ct. 1956, 182 L. Ed. 2d 767, 2012 U.S. LEXIS 3003 (U.S., 2012)
*47 Petitioner, Pro se.
For Respondent: Alex Shlivko, Newark, NJ; Gerard Mackey, New York, NY.
L. Paige Marvel, Judge.
L. Paige Marvel
ORDER
Pursuant to Rule 152(b), Tax Court Rules of Practice and Procedure, it is
ORDERED that the Clerk of the Court shall transmit to petitioner and to respondent a copy of the pages of the transcript of the proceedings of the above case before Judge L. Paige Marvel at New York, New York, on March 21, 2012, containing her oral findings of fact and opinion.
In accordance with the oral findings of fact and opinion, the decision line is amended and will read, decision entered for respondent except with respect to § 6654(a) for taxable year 2006.
(Signed) L. Paige Marvel
Judge
Dated: Washington, D.C.
April 27, 2012
THE COURT: THE COURT HAS DECIDED TO RENDER ORAL FINDINGS OF FACT AND OPINION IN THIS CASE, AND THE FOLLOWING REPRESENTS THE COURT'S ORAL FINDINGS OF FACT AND OPINION.
This bench opinion is made pursuant to the authority granted by section 7459(b) of the Internal Revenue Code of 1986 as amended and Rule 152 of the Tax Court Rules of Practice and Procedure. Unless otherwise indicated, subsequent section references made in this bench opinion are to the Internal *48 Revenue Code of 1986 as amended and in effect for the relevant period, and Rule references are to the Tax Court Rules of Practice and Procedure.
Petitioner Alvin S. Kanofsky appeared pro se. Alex Shlivko appeared on behalf of respondent. When petitioner filed his petition, he resided in Pennsylvania.
On November 15, 2010, respondent mailed to petitioner two notices of deficiency for 2006 and 2007, in which he determined deficiencies of $26,033 and $45,433 for 2006 and 2007, respectively, additions to tax under section 6651(a)(1) of $5,857.42 and $10,222.42, additions to tax under section 6651(a)(2) of $4,816.10 and $5,679.12, and additions to tax under section 6654(a) of $1,231.90 and $2,067.76 for 2006 and 2007, respectively. Petitioner timely filed a petition contesting respondent's determinations. Respondent thereafter conceded the addition to tax under section 6654(a) for 2006. The issues for decision are whether petitioner is liable for the income tax deficiencies as determined by respondent, and whether petitioner is liable for the additions to tax under sections 6651(a)(1) and (2) for 2006-07 and under section 6654 for 2007.
Facts
Petitioner, who was married at all relevant times, *49 was employed full-time as a professor of physics at Lehigh University throughout 2006 and 2007. Petitioner received a salary of $75,952 for 2006 and $77,605 for 2007, and Lehigh University issued Forms W-2, Wage and Tax Statement, to petitioner reflecting these compensation amounts. For 2006 and 2007, petitioner filled out, signed under penalties of perjury, and submitted to Lehigh University Forms W-4, Employee's Withholding Allowance Certificate, on which he claimed that he was exempt from any obligation to have income tax withheld from his salary.
During 2006 and 2007 petitioner also received Social Security payments, miscellaneous dividend distributions, interest income, and distributions from a retirement account maintained by the Teachers Insurance and Annuity Association (TIAA), most if not all of which were reflected on information returns issued to petitioner and filed with the Internal Revenue Service (IRS). Although petitioner was obligated to file a Federal income tax return for each year, petitioner did not file his 2006 and 2007 returns, nor did he make any payments towards his Federal income tax liabilities for those years.
Respondent prepared substitutes for returns for *50 2006 and 2007 and on November 15, 2010, issued to petitioner the notices of deficiency that are at issue in this case. Petitioner timely petitioned this Court for a redetermination of the income tax deficiencies and additions to tax. A trial was held on March 19, 2012.
Legal Analysis
Pursuant to section 6020(b), the Commissioner is authorized to prepare a substitute for return for a taxpayer who does not file a return. Such returns for 2006 and 2007 resulted in respondent's deficiency determinations, upon which this proceeding is based. Respondent's determination of these deficiencies is presumed correct, and petitioner bears the burden of proving them erroneous. SeeRule 142(a); Welch v. Helvering, 290 U.S. 111, 115, 54 S. Ct. 8, 78 L. Ed. 212, 1933-2 C.B. 112 (1933). Moreover, deductions are a matter of legislative grace, and the taxpayer bears the burden of proving that he is entitled to any claimed deductions. INDOPCO, Inc. v. Commissioner, 503 U.S. 79, 84, 112 S. Ct. 1039, 117 L. Ed. 2d 226 (1992). Petitioner does not contend that section 7491(a) shifts the burden of proof to respondent, and the record does not permit us to conclude that the requirements of section 7491(a) are met. In sum, petitioner bears the burden of proof.
Section 61 provides that gross income *51 includes all income from whatever source derived, unless the taxpayer can establish that the specific item of income is nontaxable. Commissioner v. Glenshaw Glass Co., 348 U.S. 426, 429-430, 75 S. Ct. 473, 99 L. Ed. 483, 1955-1 C.B. 207 (1955). Petitioner acknowledged receiving various items of income and presented no credible evidence to show that the third party reporting of income paid to him was incorrect.
Although petitioner does not dispute that he received distributions from one or more TIAA accounts of his deceased brother, petitioner does dispute that the distributions from TIAA were taxable because he received them on behalf of his deceased brother. However, petitioner was a beneficiary of his deceased brother's accounts and received the distributions in his capacity as a named beneficiary. Petitioner has not presented any credible evidence establishing that the distributions were not taxable income to him. Accordingly, we sustain respondent's determination that the distributions were taxable.
Petitioner contends that he was conducting business activities and paid various expenses in the course of those activities. Generally, section 162(a) permits a taxpayer to deduct the ordinary and necessary expenses paid or incurred *52 during the taxable year in carrying on a trade or business. See Commissioner v. Lincoln Sav. & Loan Ass'n, 403 U.S. 345, 352, 91 S. Ct. 1893, 29 L. Ed. 2d 519 (1971). The taxpayer must maintain adequate records to substantiate the amounts of his income and entitlements to any deductions or credits claimed. Sec. 6001.
Petitioner testified generally that during 2006 and 2007 he was engaged in a variety of activities including consulting, investing, and pursuing various whistleblower claims, but his testimony was so vague and imprecise that we were unable to ascertain the nature, scope, and purpose of the activities and to identify any expenses that he paid in connection with the activities that could have been deductible. Such general testimony unsupported by adequate documentation of expenses paid or incurred or even a filed tax return summarizing the taxpayer's position with respect to his alleged business activity and expenses is not sufficient to satisfy petitioner's burden of proof. Because petitioner failed to prove by a preponderance of credible evidence that he paid any deductible business or rental expenses, petitioner is not entitled to business deductions.
Petitioner also failed to prove by a preponderance of *53 credible evidence that he was entitled to any itemized deductions or that respondent's use of married filing separate status in calculating petitioner's income tax deficiencies for 2006 and 2007 was incorrect. Consequently, we sustain respondent's calculations of petitioner's income tax liability using the filing status of married filing separately, seesection 1.6013-1(a) (1), Income Tax Regs, and the allowance of one personal exemption, seesec. 151(b).
Respondent determined that petitioner is liable for the additions to tax, as discussed above. Section 6651(a)(1) provides for an addition to tax when a taxpayer fails to file a timely return, unless the taxpayer establishes that the failure was due to reasonable cause and not willful neglect. The addition to tax is equal to 5% of the amount required to be shown as tax on the delinquent return for each month or fraction thereof during which the return remains delinquent, up to a maximum addition of 25% for returns more than 4 months delinquent. Sec. 6651(a)(1).
Section 6651(a)(2) provides for an addition to tax for failure to timely pay the amount of tax shown on a return, unless the taxpayer establishes that the failure was due to reasonable *54 cause and not willful neglect. The addition is calculated as 0.5% of the amount shown as tax on the return but not paid with an additional 0.5% for each month or fraction thereof during which the failure to pay continues, up to a maximum of 25%. Sec. 6651(a)(2). Under section 6020(b), when any taxpayer fails to make any return required by law, the IRS (acting for the Secretary of the Treasury) may make a return from such information as it can obtain. Under section 6651(g)(2), any return so made is treated as the taxpayer's return for purposes of section 6651(a)(2).
Section 6654 provides for an addition to tax when a taxpayer fails to pay a required installment of estimated income tax. Each required installment is equal to 25% of the required annual payment. Sec. 6654(d)(1)(A). The required annual payment is equal to the lesser of (1) 90% of the tax shown on the return for the taxable year (or, if the taxpayer filed no return, 90 percent of the tax for that year), or (2) 100 percent of the tax shown on the return, if any, for the preceding taxable year. Sec. 6654 (d) (1) (B).
In his petition petitioner did not assign error to respondent's determinations of the additions to tax. Accordingly, *55 we deem that petitioner has conceded any issue with respect to the additions to tax. SeeRule 34(b)(4). In any case, the additions to tax under section 6651(a)(1) and (2) are appropriate because petitioner acknowledges that he failed to file his 2006 and 2007 Federal income tax returns, and he did not pay his Federal income tax liabilities.
Because petitioner failed to file Federal income tax returns for 2006 and 2007, his required annual payment of the estimated tax for 2007 was 90% of the tax for that year. He failed to pay any Federal income tax for 2007, and we sustain respondent's determination of the section 6654(a) addition to tax.
We have considered the remaining arguments made by the parties, and to the extent not discussed above, we conclude those arguments are irrelevant, moot, or without merit.
To reflect the foregoing, decision will be entered for respondent.
THIS CONCLUDES THE COURT'S ORAL FINDINGS OF FACT AND OPINION IN THIS CASE.
(Whereupon, at 10:56 a.m., the bench opinion in the above-entitled matter was concluded.)