**NOT PRECEDENTIAL**

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT
_____

No. 12-3738
_____

ALVIN SHELDON KANOFSKY,
Appellant

v.

COMMISSIONER OF INTERNAL REVENUE
_____

On Appeal from the United States Tax Court
(Tax Court No. 3774-11)
Judge:  Honorable L. Paige Marvel
_____

Submitted Pursuant to Third Circuit LAR 34.1(a)
April 1, 2013

Before: SLOVITER, GREENAWAY, JR., and BARRY, <u>Circuit</u> <u>Judges</u>

(Opinion filed:  April 5, 2013)
_____

OPINION
_____

PER CURIAM

Alvin Kanofsky, proceeding pro se, appeals United States Tax Court orders

sustaining the IRS's calculations of his income tax and additions to tax, disallowing

deductible business and rental expenses, and denying his post-judgment motion to vacate

1

or revise a decision under Tax Court Rule 162. We will affirm.

At issue is Kanofsky's tax liability for the years 2006 and 2007, during which he failed to submit returns or pay taxes due. According to a stipulation filed in Tax Court, Kanofsky was employed during those years as a full-time physics professor at Lehigh University in Bethlehem, Pennsylvania. His income included a Lehigh salary, Social Security payments, dividends, capital gains, and Teachers Insurance and Annuity Association distributions. In his Lehigh W-4 Forms, Kanofsky claimed exemption from all federal tax withholding, and he did not pay estimated taxes. As a result, in 2010, the IRS mailed him deficiency notices, assessing tax due and penalties. Kanofsky timely challenged the assessments in the United States Tax Court.

At trial, Kanofsky argued (pro se) that he was entitled to deductions for, inter alia, business expenses. He described a period of hardship during which he "ran into a worldwide scam," and was forced to clear materials out of a building he owned and ordinarily used for business purposes. Kanofsky attempted to introduce documents in support of his claims, but many were not admitted due to IRS objections.

In its opinion, the Tax Court framed the pertinent inquiry as "whether [Kanofsky] is liable for the income tax deficiencies as determined by [the IRS and] and whether [Kanofsky] is liable for the additions to tax under [Internal Revenue Code] sections 6651(a)(1) and (2) for [tax years] 2006–07 and under section 6654 for 2007." The Tax Court held that Kanofsky did not meet his burden of proof to show that his income was not taxable, and that his "vague and imprecise" testimony did not allow the Court "to

2

ascertain the nature, scope, and purpose of [claimed business] activities and to identify any expenses that [Kanofsky] paid in connection with the activities that could have been deductible." With regard to the additions to tax, the Court deemed Kanofsky to have "conceded any issue" because he "did not assign error to [the IRS's] determinations of the additions to tax." Kanofsky timely moved to vacate under Rule 162, in a motion the Tax Court denied, and now seeks review from this Court.[1]

We have jurisdiction under 26 U.S.C. § 7482(a)(1). Kanofsky challenges the legal, factual, and evidentiary bases of the Tax Court's decision, which we review de novo, for clear error, and for abuse of discretion, respectively. See Crispin v. Comm'r, No. 12-2275, ___ F.3d ___, 2013 WL 656856, at *4, 6 (3d Cir. Feb. 25, 2013).

Taxpayers bear the burden of establishing that they are entitled to deductions they claim, a burden that may be met through the production of records that the Internal

---

[1] A timely motion to vacate under Tax Rule 162 tolls the time to appeal the Tax Court's decision. Fed. R. App. P. 13(a)(2); Trohimovich v. Comm'r, 776 F.2d 873, 875 (9th Cir. 1985). When service is made by mail, as was the case here, the date of the postmark controls. 26 U.S.C. § 7502(a)(1); 26 C.F.R § 301.7502-1(b)(1)(iii). Although the mailbox rule of § 7502 did not originally apply to "documents delivered by private companies such as Federal Express," Correia v. Comm'r, 58 F.3d 468, 469 (9th Cir. 1995) (per curiam), it now does, with certain limitations. See 26 U.S.C. § 7502(f); IRS Notice 2004-83, 2004-2 C.B; see also Taxpayer Bill of Rights 2, Pub. L. No. 104-168, § 1210, 110 Stat. 1452, 1474 (1996). Although the actual envelope is missing from the record, the certificate of service indicates that the Rule 162 motion "was served on the U.S. Tax Court by Fed Ex Express Carrier on May 30, 2012," and the Tax Court docket shows that the motion was delivered on May 31, 2012. Under these circumstances, we conclude that Kanofsky's Rule 162 motion was timely filed and tolled the time to take his appeal.

Revenue Code requires to be kept.[2]  See 26 U.S.C. § 6001; INDOPCO, Inc. v. Comm'r, 503 U.S. 79, 84 (1992).  One such category of deduction is for "all the ordinary and necessary expenses paid or incurred during the taxable year in carrying on any trade or business."  26 U.S.C. § 162(a).

Many of Kanofsky's contentions on appeal revolve around a single theme: the Tax Court and the IRS treated him unfairly by "obstructing" his presentation of evidence, "suppressing" elements of his case, and otherwise threatening him.  We have examined the entire transcript and simply cannot agree.  The record reflects that Kanofsky was permitted to comb through the "stack" of documents he brought to the Tax Court and present argument about their relevance.  Documents were excluded on relevance grounds that have a basis in the record.  See Fed. R. Evid. 402; Whitehouse Hotel L.P. v. Comm'r, 615 F.3d 321, 330 (5th Cir. 2010) ("Pursuant to Tax Court Rule 143(a), the Federal Rules of Evidence apply to trials in tax court.").  For example, Kanofsky sought to introduce a collection of duplicate paid receipts from property he owned near Lehigh University for the purpose of showing a "business expense."  See Tr. 36–38.  But he was unable to show

---

[2] Kanofsky argues that the Tax Court erroneously placed the burden of proof on him, when it should have shifted to the IRS under 26 U.S.C. § 7491(a)(1).  See Neonatology Assocs., P.A. v. Comm'r, 299 F.3d 221, 228 n.6 (3d Cir. 2002).  As a general matter, the deficiency determination is entitled to a presumption of correctness, with the relevant burdens of production and persuasion remaining with the taxpayer.  Anastasato v. Comm'r, 794 F.2d 884, 887 (3d Cir. 1986).  As Kanofsky concedes, much of his evidence was not admitted by the Tax Court; accordingly, he did not meet the quantum of "credible evidence" required to shift the burden to the agency.  See also Blodgett v. Comm'r, 394 F.3d 1030, 1035 (8th Cir. 2005).

that he actually used that property for business purposes.[3] See, e.g., Tr. 39. On other occasions, the Court recognized the possible probative value of certain submissions and found them to be admissible. See, e.g., Tr. 55 (admitting 35-P and 36-P into evidence).

We have reviewed Kanofsky's remaining arguments and find them to be unavailing. Nothing in his briefs, even liberally construed, see Weaver v. Wilcox, 650 F.2d 22, 26 (3d Cir. 1981)), suggests that the Tax Court erred in concluding that he failed to meet his burden of proof or did not owe the taxes or additions assigned. Because Kanofsky's trial was not held before a special trial judge, Ballard v. Commissioner, 544 U.S. 40 (2005), is irrelevant. Finally, his allegations of fraud and corruption, and his appeals to "whistleblower" status, do not appear to have any bearing on the present matter.[4]

For these reasons, Kanofsky has shown no error in the Tax Court's rulings. We will affirm the judgment.

---

[3] We note that this is not the first time that Kanofsky has failed to produce documentary evidence or witnesses to corroborate his claims about his business activities. See Kanofsky v. Comm'r, 271 F. App'x 146, 148–49 (3d Cir. 2008) (per curiam).

[4] Kanofsky alleged similar facts below; they permeated his filings from his original petition to his post-trial Rule 162 motion. He did not explain to the Tax Court, and does not explain now, how events as disparate as the Sandusky prosecution or alleged corruption related to the Barnes Foundation have any bearing on his tax liability. As we have explained to him before, "arguments based on obstruction of justice, corruption and fraud committed by public figures in Pennsylvania and New Jersey," as well as his alleged "extensive whistleblower activity" are "not relevant . . . and do not advance his cause." Kanofsky v. Comm'r, 424 F. App'x 189, 191–92 (3d Cir. 2011) (per curiam).