T.C. Memo. 2014-153

UNITED STATES TAX COURT

ALVIN SHELDON KANOFSKY, Petitioner v.
COMMISSIONER OF INTERNAL REVENUE, Respondent

Docket No. 10283-13L.                    Filed July 31, 2014.

Alvin Sheldon Kanofsky, pro se.

Alex Shlivko, for respondent.

MEMORANDUM OPINION

DAWSON, Judge:  This collection review case is before the Court on

respondent's motion for summary judgment filed on February 6, 2014, pursuant to

**[\*2]** Rule 121.[1]  Petitioner timely filed an objection to the motion.  Petitioner had previously petitioned the Court to review a determination of the Internal Revenue Service (IRS) Office of Appeals (Appeals) sustaining the filing of a notice of Federal tax lien to collect petitioner's unpaid Federal income tax liabilities for 1996, 1997, 1998, and 2000 (years in issue).  We must decide two issues:  (1) whether Appeals abused its discretion in sustaining the filing of the notice of Federal tax lien; and (2) whether petitioner should be required to pay the United States a penalty pursuant to section 6673(a)(1).  Both issues were raised in respondent's answer to the petition and the motion for summary judgment.

## Background

Petitioner has been a physics professor at Lehigh University since 1967.  He resided in Pennsylvania when he filed his petition.

Petitioner's underlying income tax liabilities were assessed in accordance with the Court's decision entered in the deficiency case at docket No. 12547-04, for 1996, 1997, 1998, 1999, and 2000.[2]  See Kanofsky v. Commissioner, T.C.

---

[1]All Rule references are to the Tax Court Rules of Practice and Procedure. All section references are to the Internal Revenue Code as amended and in effect at all relevant times.

[2]We note that although petitioner's deficiency case involved his 1996, 1997, 1998, 1999, and 2000 tax years, this collection case involves only petitioner's

(continued...)

[*3] Memo. 2006-79 (Kanofsky I), aff'd, 271 Fed. Appx. 146 (3d Cir. 2008).  The

facts surrounding the underlying deficiency litigation are summarized in the

subsequent levy case, Kanofsky v. Commissioner, T.C. Memo. 2010-46 (Kanofsky

II), aff'd, 424 Fed. Appx. 189 (3d Cir. 2011), as follows:

A.  Overview

> For each subject year, petitioner filed a Federal income tax
> return on which he reported on a Schedule C, Profit or Loss From
> Business, expense deductions which offset any tax liability for the
> year.  Respondent issued to petitioner a notice of deficiency[3] which:
> (i) Disallowed most of petitioner's claimed Schedule C expense
> deductions; and (ii) determined a negligence penalty for 1997 under
> section 6662(a).

---

[2](...continued)
1996, 1997, 1998, and 2000 tax years.

[3]In the notice of deficiency dated April 19, 2004, respondent determined
deficiencies in petitioner's Federal income tax and an accuracy-related penalty as
follows:

| Year | Deficiency | Penalty sec. 6662(a) |
|------|------------|----------------------|
| 1996 | $14,506 | --- |
| 1997 | 15,437 | $3,087.40 |
| 1998 | 10,078 | --- |
| 1999 | 716 | --- |
| 2000 | 2,970 | --- |

**[*4]** B.  Court's Decision and Subsequent Appeals

On July 16, 2004, petitioner petitioned the Court to redetermine the disallowed trade or business expense deductions and the negligence penalty.  In Kanofsky I [T.C. Memo. 2006-79], we found mostly for respondent, and in doing so, disallowed a portion of petitioner's claimed trade or business expenses and found petitioner liable for the negligence penalty.  We entered our decision on November 17, 2006, and on December 20, 2006, denied a motion by petitioner to vacate or revise the decision.

Petitioner appealed our decision to the U.S. Court of Appeals for the Third Circuit without filing a bond under section 7485 to stay assessment and collection.  The Court of Appeals affirmed our decision on April 1, 2008.  Kanofsky v. Commissioner, 271 Fed. Appx. 146 (3d Cir. 2008).  On May 16, 2008, petitioner again sought relief from the Court of Appeals by filing a "Petition for Rehearing on Decision of April 1, 2008 Affirming U.S. Tax Court Decision".  On June 4, 2008, the Court of Appeals denied the petition for rehearing.

Petitioner subsequently filed a petition for writ of certiorari with the Supreme Court of the United States to review the Court of Appeals' judgment.  Certiorari was denied on December 8, 2008, Kanofsky v. Commissioner, 129 S. Ct. 741 (2008), and petitioner's petition for rehearing with the Supreme Court was denied on February 23, 2009, Kanofsky v. Commissioner, 129 S. Ct. 1406 (2009).

During petitioner's various appeals respondent pursued collection against him.  On December 22, 2007, respondent issued to petitioner a Final Notice of Intent to Levy and Notice of Your Right to a Hearing (for 1996, 1997, 1998, 1999, and 2000).  Petitioner requested a collection due process (CDP) hearing by filing Form 12153, Request for a Collection Due Process or Equivalent Hearing, but did

**[\*5]** not propose any collection alternatives or provide requested documents. On September 8, 2008, Appeals issued to petitioner a Notice of Determination Concerning Collection Action(s) Under Section 6320 and/or 6330, sustaining the proposed levy. Petitioner filed a petition in docket No. 24784-81. This Court sustained the levy in <u>Kanofsky II</u>, and on appeal the Court of Appeals for the Third Circuit affirmed our decision in <u>Kanofsky v. Commissioner</u>, 424 Fed. Appx. 189. In doing so, the Court of Appeals held that petitioner's obstruction of justice, corruption, fraud, and whistleblower activity arguments were irrelevant to the levy to collect petitioner's unpaid Federal income tax. <u>Id.</u> at 191-192.

On June 7, 2011, petitioner filed a petition for rehearing en banc and before an original panel, which the Court of Appeals summarily denied on June 20, 2011. On March 14, 2012, petitioner filed a petition for writ of certiorari with the Supreme Court, which was denied on April 16, 2012.

<u>The Current Collection Case</u>

On November 13, 2012, respondent issued to petitioner a Letter 3172, Notice of Federal Tax Lien Filing and Your Right to a Hearing Under 6320 (lien notice) for the years in issue, with respect to petitioner's Federal income tax liabilities as follows:

| [*6] Year | Unpaid balance of assessment |
|-----------|------------------------------|
| 1996 | $17,706.70 |
| 1997 | 7,342.75 |
| 1998 | 12,502.26 |
| 2000 | 4,255.51 |

The lien notice provided petitioner with an opportunity to request a CDP hearing with Appeals. On December 20, 2012, he timely submitted Form 12153, requesting a hearing. In his request, petitioner checked the box identifying the notice of Federal tax lien as the basis for his hearing request and stated: "AMOUNT DUE IS FAR IN EXCESS OF ANY AMOUNT OWED NO EXPENSES OR DEDUCTIONS FOR NUMEROUS BUSINESS EXPENSES ALLOWED STILL IN LITIGATION." Petitioner did not propose any collection alternatives.

Petitioner's request was assigned to Settlement Officer Dawn Attivissimo (SO), who had no prior involvement with respect to the years in issue. On February 5, 2013, the SO sent petitioner a letter that: (1) scheduled a CDP telephone hearing for March 5, 2013; (2) requested that he submit copies of his unfiled 2008, 2009, 2010, and 2011 income tax returns and a completed Form 433-A, Collection Information Statement for Wage Earners and Self-Employed Individuals if he wanted the SO to consider collection alternatives; and (3) advised

[*7] him that he could not dispute the underlying tax liabilities as part of the CDP hearing because the deficiency for the years in issue were the result of a decision entered by the U.S. Tax Court.

Petitioner did not call the SO on March 5, 2013, regarding the hearing scheduled in the February 5, 2013, letter. Petitioner sent the SO a facsimile that included the first page of the February 5 letter, upon which he wrote: "This is in litigation. Regards, Alvin Kanofsky." By letter dated March 8, 2013, the SO gave petitioner an additional 14 days to respond and provide the requested information. Although petitioner timely responded to the SO by facsimile and discussed his current and pending litigation, he did not provide the requested information necessary for the SO to consider a collection alternative.

On April 10, 2013, Appeals issued to petitioner a Notice of Determination Concerning Collection Action Under Section 6320 and/or 6330 (notice of determination), sustaining the notice of Federal tax lien for the years in issue. The SO stated in her summary and recommendation that all legal and procedural requirements in filing the notice of Federal tax lien had been followed and that the notice was appropriate. Appeals determined that collection alternatives could not be considered because petitioner had not filed his required income tax returns for later years or provided the requested financial information.

**[*8]**   On May 9, 2013, petitioner timely filed his petition in this case for review of the determination sustaining the filing of the notice of Federal tax lien.  He asserted in his petition various grounds to challenge his underlying income tax liabilities for 1996, 1997, 1998 and 2000, most of which he had previously raised in his deficiency (Kanofsky I) and levy (Kanofsky II) cases regarding the same liabilities.  In Paragraph 5, "Points of Disagreement with IRS Determination", of his petition petitioner stated in part:

> 1.  Am presently appealing whether I am in business or not.
>
> 2.  Am presently appealing whether previous Lien is correct.
>
> 3.  The deficiency is based on my having no expenses at all.
>
> 4.  I have had major expenses for building repairs, mortgages, taxes, interest, etc., all of which have not been recognized by the IRS.
>
>     \*       \*       \*       \*       \*       \*       \*
>
> 8.  I am a major whisteblower in several instances.  For example, I was the first and major whistleblower on the University of Medicine and Dentistry of New Jersey (UMDNJ) case.  My older brother was in charge of the billing system and was brutally discharged just before UMDNJ double and triple billed Medicaid and Medicare.  The case went on for many years in federal court. My brother died within a week of being fired.
>
> 9.  Governor Christie, finally, several years later as U.S. Attorney for N.J. successfully prosecuted UMDNJ for widespread Fraud and Corruption, but only after a newspaper expose.

**[*9]** 10.  None of the amounts withdrawn from my deceased brother's TIAA-CREF accounts is personal income.

11.  I am continually subjected to fraud and corruption, extortion, and bribery.

12.  I am continually subjected to retaliation for Whistle blowing.

13.  I have substantial business good-will which is diminished by the IRS actions.

Petitioner further stated in Paragraph 6, "Facts on Points of Disagreement", of his

petition:

1.  The Tax Court, the IRS and the Justice Department have successfully blocked any of  my evidence and testimony on my business Activity.

2.  The Tax Court, the IRS, and the Justice Department have successfully blocked any of my evidence and testimony on the rampant fraud and corruption, which serves as an affirmative defense.  They apparently do not recognize fraud and corruption or an affirmative defense.

3.  Given, the recent spate of fraud and corruption trials, both Federal and State, and the many revelations involving fraud and corruption both locally, statewide, nationwide, and world wide, it would seem appropriate to finally recognize the business environment in which the petitioner operates.

4.  The Petitioner seeks reward and compensation for his whistle blowing activity, and retaliation for it.  Also, he seeks compensation for retaliation of his claims of fraud and corruption.

**[*10]** Respondent then filed his motion for summary judgment on February 6, 2014, to which petitioner has objected.

## Discussion

Summary judgment is intended to expedite litigation and avoid unnecessary and expensive trials. Fla. Peach Corp. v. Commissioner, 90 T.C. 678, 681 (1988). We may grant summary judgment only if there is no genuine dispute as to any material fact and the moving party is entitled to judgment as a matter of law. Rule 121(b); Naftel v. Commissioner, 85 T.C. 527, 528-529 (1985). Respondent, as the moving party, bears the burden of showing that the case is ripe for summary adjudication. FPL Grp., Inc. v. Commissioner, 115 T.C. 554, 559 (2000). In deciding whether to grant summary judgment, the factual materials and the inferences drawn from them must be considered in the light most favorable to the nonmoving party. Id. Whether facts are material depends upon the context in which they are raised and the legal issues presented. Casanova Co. v. Commissioner, 87 T.C. 214, 217 (1986).

When the moving party has carried its burden, however, the party opposing the summary judgment motion must do more than simply show that "there is some metaphysical doubt as to the material facts." Matsushita Elec. Indus. Co. v. Zenith

**[\*11]** <u>Radio Corp.</u>, 475 U.S. 574, 586 (1986). Specifically, Rule 121(d) imposes the following duty on the nonmoving party:

> When a motion for summary judgment is made and supported as provided in this Rule, <u>an adverse party may not rest upon the mere allegations or denials</u> of such party's pleading, but such party's response, by affidavits or declarations or as otherwise provided in this Rule, <u>must set forth specific facts</u> showing that there is a genuine dispute for trial.  \* \* \*  [Emphasis added.]

See <u>Ramdas v. Commissioner</u>, T.C. Memo. 2013-104, at \*18. Where the record viewed as a whole cannot lead a reasonable trier of fact to find for the nonmoving party, there is no "'genuine issue for trial'". <u>Matsushita Elec. Indus. Co.</u>, 475 U.S. at 587 (quoting <u>First Nat'l Bank of Ariz. v. Cities Serv. Co.</u>, 391 U.S. 253, 289 (1968)). On this record, we conclude that there is no genuine dispute as to any material fact in this case and that a decision may be rendered as a matter of law.

In his motion for summary judgment, respondent contends that: (1) pursuant to section 6330(c)(2)(B), petitioner's receipt of the notice of deficiency for 1996, 1997, 1998, and 2000 and his subsequent challenges of the same income tax liabilities in this Court preclude him from challenging them once again in this case; (2) the SO did not abuse her discretion in sustaining the filing of the notice of Federal tax lien in an attempt to collect the same tax liabilities; and (3) this Court should impose a section 6673(a)(1) penalty against petitioner for instituting

**[*12]** this proceeding primarily for delay and/or for asserting frivolous or groundless positions. Petitioner's objections to the motion for summary judgment are mainly that: (1) this Court and the Internal Revenue Service have erroneously "blocked" his subpoenas for witnesses and submission of evidence; (2) his "Fraud and Corruption" arguments as well as his "whistleblower claims" are legitimate and not frivolous or instituted for delay; and (3) he "is working with groups who are trying to reform the tax system" and that "this case is certainly one of the main cases in the country being cited for reform of the tax codes."

Collection Procedures

Section 6321 imposes a lien in favor of the United States upon all property and rights to property of a person liable for taxes when there is a failure to pay the taxes after demand for payment. See Iannone v. Commissioner, 122 T.C. 287, 293 (2004). The lien generally arises at the time assessment is made. Sec. 6322. Section 6323 authorizes the Commissioner to file a notice of Federal tax lien. Pursuant to section 6320(a), the Commissioner must provide the taxpayer with notice of the lien filing and an opportunity for an administrative review of the propriety of the filing. See Katz v. Commissioner, 115 T.C. 329, 333 (2000).

Generally, the hearing is to be conducted in accordance with the procedures set forth in section 6330(c), (d), (e), and (g). Sec. 6320(c). A taxpayer may raise

**[\*13]** at the hearing any relevant issue relating to the unpaid tax, including offers

of collection alternatives.  Sec. 6330(c)(2)(A)(iii).  A taxpayer may also raise at

the hearing challenges to the existence or amount of the underlying tax liability for

any tax period if the person did not receive a statutory notice of deficiency for

such tax liability or did not otherwise have an opportunity to dispute such tax

liability.  Sec. 6330(c)(2)(B).  Section 6330(c)(4)(A) provides, in pertinent part,

that an issue may not be raised at the hearing if the issue was raised and

considered in a previous administrative or judicial proceeding and the person

seeking to raise the issue participated meaningfully in such hearing or proceeding.

See also sec. 301.6320-1(e)(1), Proced. & Admin. Regs.

Scope of Review

The Commissioner must send a notice of deficiency to the taxpayer before

the Commissioner may assess, collect, or reduce to judgment most income tax

liabilities.  United States v. Zolla, 724 F.2d 808, 810 (9th Cir. 1984); Crain v.

Commissioner, T.C. Memo. 2012-97.  Petitioner received a notice of deficiency

for the years in issue in docket No. 12547-04, contested the deficiency in a trial in

this Court, and lost.  Therefore, he is precluded from challenging the same

underlying tax liabilities again in this lien case.  In view of respondent's

allegations in his answer and his arguments in the motion for summary judgment,

[*14] res judicata (claim preclusion) also bars us from reconsidering petitioner's underlying income tax liabilities for the same years. See Commissioner v. Sunnen, 333 U.S. 591, 597 (1948) (stating that a final judgment on the merits of a cause of action, absent fraud or some other factor invalidating the judgment, binds the parties to the lawsuit "'not only as to every matter which was offered and received to sustain or defeat the claim or demand, but as to any other admissible matter which might have been offered for that purpose.'" (quoting Cromwell v. Cnty. of Sac, 94 U.S. 351, 352 (1876))); Koprowski v. Commissioner, 138 T.C. 54, 59-62 (2012).

Where the underlying liability is not properly in issue, we review an Appeals determination for abuse of discretion. See Lunsford v. Commissioner, 117 T.C. 183, 185 (2001); Goza v. Commissioner, 114 T.C. 176, 181-182 (2000). Appeals abuses its discretion if its determination was arbitrary, capricious, or without sound basis in fact or law. See, e.g., Giamelli v. Commissioner, 129 T.C. 107, 111 (2007). In reviewing the SO's determination, the Court will consider only those section 6330(c)(2) issues that the taxpayer raised at the hearing. Id. at 113.

Petitioner raised no relevant issues other than the underlying income tax deficiency and offered no collection alternatives. The record shows that the SO

[*15] (1) properly verified that the requirements of all applicable laws and administrative procedures were met in processing petitioner's case, (2) considered the issues petitioner presented, and (3) determined that the proposed collection action balanced the need for the efficient collection of taxes with petitioner's concerns that the collection action be no more intrusive than necessary.  See sec. 6330(c)(3).  In sum, we hold that Appeals did not abuse its discretion in sustaining the filing of the notice of Federal tax lien.  We conclude that respondent is entitled to judgment as a matter of law and may proceed with his collection action. Therefore, we will grant respondent's motion for summary judgment.

We have considered petitioner's arguments and, to the extent not discussed above, conclude that they are irrelevant, moot, or without merit.

Section 6673(a)(1) Penalty

In his answer filed in this proceeding and his motion for summary judgment, respondent requests the Court to impose a penalty on petitioner under section 6673(a)(1).  That section authorizes this Court to require the taxpayer to pay to the United States a penalty not in excess of $25,000 whenever it appears that:  (1) the taxpayer has instituted or maintained proceedings primarily for delay; (2) the taxpayer's position is frivolous or groundless; or (3) the taxpayer unreasonably failed to pursue available administrative remedies.  A taxpayer's position is

[*16] frivolous or groundless if it is "'contrary to established law and unsupported by a reasoned, colorable argument for change in the law.'" Williams v. Commissioner, 114 T.C. 136, 144 (2000) (quoting Coleman v. Commissioner, 791 F.2d 68, 71 (7th Cir. 1986)); see also Wnuck v. Commissioner, 136 T.C. 498, 513-514 (2011). The purpose of section 6673 is to compel taxpayers to think and to conform their conduct to settled tax principles; it was designed to deter frivolity and waste of judicial resources. See Coleman v. Commissioner, 791 F.2d 68; Grasselli v. Commissioner, T.C. Memo. 1994-581.

Petitioner is no stranger to this Court. He was warned in prior proceedings that his conduct could subject him to a penalty if he continued to repeat the arguments he made in earlier cases before this Court and the Court of Appeals for the Third Circuit in his deficiency and levy cases for the tax years 1996, 1997, 1998 and 2000. He has also litigated in this Court in docket No. 3774-11 his case involving income tax deficiency for 2006 and 2007.[4] In each case, petitioner has

---

[4]In addition to docket No. 3774-11 regarding the underlying deficiency for 2006 and 2007, petitioner filed two additional petitions concerning the lien and levy collection actions for those years. The petitions in those cases are similar to the petition filed in the instant case. In docket No. 21821-13L (involving the levy for 2006 and 2007), petitioner requests Washington, D.C., as the place of trial. That case is calendared for the September 29, 2014, trial session. In docket No. 22008-13L (involving the lien for 2006 and 2007), petitioner has requested Baltimore, Maryland, as the place of trial.

[*17] continued to raise arguments of fraud, corruption, and whistleblowing activities nearly identical to those raised in this lien case. During the March 19, 2012, trial in docket No. 3774-11, the Court cautioned petitioner in plain words against making those arguments, as follows:

> Now, to the extent that you start off on side trips that I don't think are relevant, I'm going to warn you. But if it turns out that you persist in making arguments -- now, you know the government has been yelping about the fact that you're taking positions they view as frivolous and groundless. And to some degree, if those positions are the same positions you asserted in your previous two visits to the Tax Court [Kanofsky I and II], I may well agree with them.
>
> If I do, you've run the risk that you might be penalized because there is a penalty under the Internal Revenue Code that I can impose in my discretion if I conclude that various arguments and positions are being asserted that are frivolous, groundless, have been rejected over and over again. So you just need to be forewarned.

The Court rendered a bench opinion in that case on March 21, 2012, and entered its decision in accordance with that opinion.[5] Petitioner appealed, and on

---

[5]The decision in docket No. 3774-11 states in part:

| | | Additions to tax under I.R.C. | | |
| --- | --- | --- | --- | --- |
| Year | Deficiency | Sec. 6651(a)(1) | Sec. 6651(a)(2) | Sec. 6654(a) |
| 2006 | $26,033.00 | $5,857.42 | $4,816.10* | $0 |
| 2007 | 45,433.00 | 10,222.42 | 5,679.12* | 2,067.76 |

*The amount of any addition to tax under sec. 6651(a)(2) shall

(continued...)

**[\*18]** April 5, 2013, the U.S. Court of Appeals for the Third Circuit affirmed in Kanofsky v. Commissioner, 520 Fed. Appx. 95 (3d Cir. 2013).  The Court of Appeals specifically held that neither the Tax Court nor the IRS improperly obstructed petitioner's presentation of evidence and agreed with the Tax Court that his allegations of fraud and corruption and his assertion of "whistleblower" status were irrelevant to the merits of his case.  The Court of Appeals stated:

> Kanofsky alleged similar facts below; they permeated his filings from his original petition to his post-trial Rule 162 motion.  He did not explain to the Tax Court, and does not explain now, how events as disparate as the Sandusky prosecution or alleged corruption related to the Barnes Foundation have any bearing on his tax liability.  As we have explained to him before, "arguments based on obstruction of justice, corruption and fraud committed by public figures in Pennsylvania and New Jersey," as well as his alleged "extensive whisteblower activity" are "not relevant * * * and do not advance his cause."  Kanofsky v. Commissioner, 424 Fed. Appx. 189, 191-92 (3d Cir. 2011) (per curiam).

Id. at 98 n.4.

In the collection case before us, petitioner has returned a fourth time to this Court, once again raising his arguments about fraud, corruption, and whistleblowing activities.  He admits that he has been admonished by us and the Court of Appeals for the Third Circuit, to which an appeal in this case would lie.

---

[5](...continued)
be determined pursuant to sec. 6651(a)(2), (b), and (c).

**[\*19]** It is clear that petitioner has violated section 6673(a)(1). He has repeatedly asserted irrelevant and meritless arguments. He designed his petition to delay the collection of the income tax he owes. The Court of Appeals, this Court, and respondent's counsel have repeatedly warned petitioner of the potential implications of continuing to delay payment of his tax liabilities and of asserting irrelevant and groundless arguments. This Court has unequivocally warned taxpayers that abusing the procedural protections afforded by sections 6320 and 6330 by pursuing frivolous lien or levy actions for purposes of delaying the tax payment process will result in penalties under section 6673 when that section is applicable. Pierson v. Commissioner, 115 T.C. 576, 581 (2000).

Petitioner did not heed the advice and warning he was given. He has persisted in challenging his underlying income tax liabilities for the years in issue. He received a notice of deficiency with respect to those liabilities and challenged them in his deficiency case. His allegations of fraud and corruption and his appeals to "whistleblower" status were irrelevant in the deficiency and levy cases and have no bearing in this case. Petitioner has abused the judicial process and delayed collection of his unpaid tax liabilities. Petitioner is a well-educated individual who admits that he understood cautions and warnings given by this Court, yet he continues to reiterate the same irrelevant and groundless arguments.

[*20] He has wasted the time and resources of both respondent and this Court. Accordingly, in exercising our discretion, we conclude that a penalty under section 6673(a)(1) is appropriate and justified in this case, and we shall require petitioner to pay to the United States a penalty of $10,000 under section 6673(a)(1). See, e.g., Streiffert v. Commissioner, T.C. Memo. 2014-62; Hill v. Commissioner, T.C. Memo. 2013-265; Golub v. Commissioner, T.C. Memo. 2013-196. We also warn petitioner again that we will consider imposing additional penalties if he returns and continues to raise irrelevant, frivolous, and groundless arguments or institutes or maintains further proceedings in this Court to delay the payment of Federal income tax lawfully assessed against him.

To reflect the foregoing,

An appropriate order and decision will be entered.