T.C. Memo. 2015-34

UNITED STATES TAX COURT

ALVIN SHELDON KANOFSKY, Petitioner v.
COMMISSIONER OF INTERNAL REVENUE, Respondent

Docket No. 21821-13L.                    Filed February 26, 2015.

Alvin Sheldon Kanofsky, pro se.

Shari A. Salu, for respondent.

MEMORANDUM OPINION

LAUBER, Judge:  In this collection due process (CDP) case, petitioner

seeks review pursuant to section 6330(d)(1) of the determination by the Internal

Revenue Service (IRS or respondent) to uphold a notice of intent to levy.[1]  The

_____

[1]All statutory references are to the Internal Revenue Code in effect at all
relevant times, and all Rule references are to the Tax Court Rules of Practice and
(continued...)

**[*2]** IRS has moved for summary judgment under Rule 121, contending that there are no disputed issues of material fact and that its determination to sustain the collection action was proper as a matter of law. We agree and accordingly will grant the motion. Having concluded that petitioner's position in this case is frivolous and that he instituted these proceedings primarily for delay, we will also impose upon him under section 6673 a penalty of $20,000.

<u>Background</u>

The following facts are derived from the parties' pleadings and motion papers, including attached affidavits and exhibits. Petitioner resided in Pennsylvania when he filed his petition.

On November 15, 2010, the IRS timely issued notices of deficiency for 2006 and 2007 and petitioner timely petitioned this Court. Following a trial, the Court issued a bench opinion sustaining in full the deficiencies and additions to tax determined by the IRS. <u>Kanofsky v. Commissioner</u>, docket No. 3774-11 (Mar. 21, 2012). A decision consistent with that opinion was issued on April 30, 2012. The Court of Appeals for the Third Circuit affirmed that decision, <u>Kanofsky v. Commissioner</u>, 520 Fed. Appx. 95, 96 (3d Cir. 2013), and the Supreme Court

---

¹(...continued)
Procedure.

**[\*3]** denied certiorari and petitioner's subsequent petition for rehearing, <u>Kanofsky v. Commissioner</u>, 134 S. Ct. 802 (2013), 134 S. Ct. 1367 (2014).

Petitioner did not post a bond to stay assessment and collection. <u>See</u> sec. 7485(a). In an effort to collect the assessed tax, on March 20, 2013, the IRS sent him a Final Notice of Intent to Levy and Notice of Your Right to a Hearing, and he timely requested a CDP hearing. In his request, he did not indicate any desire for a collection alternative and stated as his reason for disagreeing with the levy: "Still in litigation, working on reducing amounts."

On July 16, 2013, a settlement officer (SO) from the IRS Appeals office sent petitioner a letter scheduling a telephone CDP hearing for August 14, 2013. This letter explained that if petitioner desired a collection alternative, he would need to supply a completed Form 433-A, Collection Information Statement for Wage Earners and Self Employed Individuals, together with supporting financial data. The letter also noted that petitioner would need to bring himself into compliance with his Federal tax obligations by filing signed returns for 2009-2012.

Petitioner submitted no documentation to the SO during the next month and did not call in for the scheduled CDP hearing. The SO telephoned him shortly after the appointed time on August 14, 2013, but he did not answer the call. He did not contact the SO, by telephone or otherwise, to reschedule the hearing or to

**[*4]** request additional time to supply documents.  The SO accordingly closed the case and, on August 20, 2013, the IRS issued a Notice of Determination Concerning Collection Action(s) under Section 6320 and/or 6330 sustaining the levy.

Petitioner timely sought review in this Court and, on July 29, 2014, the IRS filed a motion for summary judgment.  Petitioner responded to this motion on September 3, 2014, contending (among other things) that the SO abused her discretion "because the case was still under consideration in the higher courts, as well as Petitioner being continually under pressure from the community, and continually subjected to fraud and corruption."  He contends that "there are numerous disputed issues of fact," including "the blockage of the tax exempt status of Jewish Non-Profit Groups and the Republican PAC Support Groups," and he asserts that the "flare up of the ISIS groups in the Middle East and the Israeli-Gaza and Ukranian-Russian conflicts may have a bearing on the prosecution of this case." He asserts that he should be immune from any penalty for taking frivolous positions because he "has continued to be subjected to fraudulent and corrupt actions by the community in a concerted effort to block his business activities" and because he "is one of the major whistleblowers in the country."

**[\*5]** <u>Discussion</u>

A.    <u>Summary Judgment and Standard of Review</u>

The purpose of summary judgment is to expedite litigation and avoid unnecessary and time-consuming trials. <u>Fla. Peach Corp. v. Commissioner</u>, 90 T.C. 678, 681 (1988). The Court may grant summary judgment when there is no genuine dispute as to any material fact and a decision may be rendered as a matter of law. <u>Sundstrand Corp. v. Commissioner</u>, 98 T.C. 518, 520 (1992), <u>aff'd</u>, 17 F.3d 965 (7th Cir. 1994). Where the moving party properly makes and supports a motion for summary judgment, "an adverse party may not rest upon the mere allegations or denials of such party's pleading," but must set forth specific facts, by affidavit or otherwise, showing that there is a genuine dispute for trial. Rule 121(d). Petitioner's response to the motion for summary judgment alleges no colorable dispute as to any material fact, and we conclude that this case may be adjudicated summarily.

Section 6330(d)(1) does not prescribe the standard of review that this Court should apply in reviewing an IRS administrative determination in a CDP case. The general parameters for such review are marked out by our precedents. Where the validity of the underlying tax liability is at issue, the Court reviews the IRS' determination de novo. <u>Goza v. Commissioner</u>, 114 T.C. 176, 181-182 (2000).

**[\*6]** Where the underlying liability is not properly at issue, the Court reviews the IRS' determination for abuse of discretion. Id. at 182. Abuse of discretion exists when a determination is arbitrary, capricious, or without sound basis in fact or law. See Murphy v. Commissioner, 125 T.C. 301, 320 (2005), aff'd, 469 F.3d 27 (1st Cir. 2006).

A taxpayer may contest at a CDP hearing the existence or amount of his underlying tax liability only if he did not receive a notice of deficiency for the tax year in question or otherwise have a prior opportunity to dispute it. See sec. 6330(c)(2)(B). Petitioner not only received notices of deficiency for 2006 and 2007; he litigated his liabilities for those years, unsuccessfully, all the way to the Supreme Court. Our decision in that case is now final. See sec. 7481(a)(2). Because petitioner had a prior opportunity to dispute and did dispute his underlying tax liabilities for 2006 and 2007, he was barred from contesting those liabilities in the CDP hearing and is likewise barred from contesting those liabilities here. We therefore review the SO's decision for abuse of discretion only.

B.    Abuse of Discretion

We consider whether, in the course of making his determination, the SO: (1) properly verified that the requirements of any applicable law or administrative procedure were met; (2) considered any relevant issues petitioner raised; and (3)

**[\*7]** determined whether "any proposed collection action balances the need for the efficient collection of taxes with the legitimate concern of the person that any collection action be no more intrusive than necessary." Sec. 6330(c)(3). It is clear from our review of the record that the SO conducted a thorough review of the transcripts of petitioner's account and verified that the requirements of applicable law and administrative procedure were followed. The SO properly balanced the need for efficient collection of taxes with petitioner's legitimate concern that the collection action be no more intrusive than necessary.

Petitioner did not raise any valid challenge to the appropriateness of the proposed collection action. Indeed, he declined to submit any documents and refused to participate in the CDP hearing that the IRS offered him. A settlement officer does not abuse her discretion when she declines to consider collection alternatives under these circumstances. See, e.g., Lance v. Commissioner, T.C. Memo. 2009-129; Shanley v. Commissioner, T.C. Memo. 2009-17 (finding no abuse of discretion when IRS issued notice of determination upon the taxpayer's failure to provide requested documentation within 14 days).

C.      Section 6673(a)(1) Penalty

In his motion for summary judgment, respondent asks the Court to impose a penalty on petitioner under section 6673(a)(1). That section authorizes this Court

[*8] to require the taxpayer to pay to the United States a penalty not in excess of $25,000 if it appears that the taxpayer has instituted or maintained proceedings primarily for delay or the taxpayer's position is frivolous or groundless. The purpose of section 6673 is to compel taxpayers to conform their conduct to settled tax principles and to deter the waste of judicial resources. See Coleman v. Commissioner, 791 F.2d 68, 71 (7th Cir. 1986); Salzer v. Commissioner, T.C. Memo. 2014-188.

Petitioner is no stranger to this Court. He has been warned in prior proceedings that his conduct would subject him to penalty if he continued to repeat the same litany about fraud, corruption, and whistleblowing that he recites in this case and has recited almost verbatim previously. During the trial of his 2006 and 2007 tax liabilities, the collection of which is at issue here, the Court explicitly warned petitioner that his assertion of frivolous positions risked the imposition of a significant penalty. The Court of Appeals for the Third Circuit has previously warned petitioner that his "arguments based on obstruction of justice, corruption and fraud committed by public figures in Pennsylvania and New Jersey," as well as his alleged "extensive whisteblower activity," are "not relevant * * * and do not advance his cause." Kanofsky v. Commissioner, 424 Fed. Appx. 189, 191-192 (3d Cir. 2011) (per curiam), aff'g T.C. Memo. 2010-46.

[*9]   In <u>Kanofsky v. Commissioner</u>, T.C. Memo. 2014-153, which involved respondent's efforts to collect petitioner's assessed tax liabilities for 1996-2000, we reviewed his extensive record of litigation in this Court and concluded as follows:

> Petitioner has abused the judicial process and delayed collection of his unpaid tax liabilities.  Petitioner is a well-educated individual who admits that he understood cautions and warnings given by this Court, yet he continues to reiterate the same irrelevant and groundless arguments.  He has wasted the time and resources of both respondent and this Court.

<u>Id.</u> at *19-*20.   We concluded that a penalty under section 6673(a)(1) was amply justified and required petitioner to pay a penalty of $10,000.  We "warn[ed] petitioner again that we will consider imposing additional penalties if he returns and continues to raise irrelevant, frivolous, and groundless arguments or institutes or maintains further proceedings in this Court to delay the payment of Federal income tax lawfully assessed against him."  <u>Id.</u> at *20.

   That warning was issued on July 31, 2014.  In responding to the instant motion for summary judgment on September 3, 2014, petitioner nevertheless repeated the same tiresome series of groundless and irrelevant arguments.  We find once again that petitioner's arguments are frivolous and that he has instituted this case for the sole purpose of delaying the collection of his Federal tax liabilities.  True

**[*10]** to our word, we will accordingly require that he pay to the United States a penalty under section 6673(a), this time in the amount of $20,000.

To reflect the foregoing,

<u>An appropriate order and decision will be entered</u>.