T.C. Memo. 2019-70

UNITED STATES TAX COURT

MASOUD FAKURNEJAD, Petitioner v.
COMMISSIONER OF INTERNAL REVENUE, Respondent

Docket No. 24951-17L.                          Filed June 10, 2019.

Masoud Fakurnejad, pro se.

Cameron W. Carr and Thomas R. Mackinson, for respondent.

MEMORANDUM OPINION

LAUBER, Judge:  In this collection due process (CDP) case, petitioner

seeks review pursuant to sections 6320(c)[1] and 6330(d) of the determination by the

---

[1]All statutory references are to the Internal Revenue Code in effect at all relevant times, and all Rule references are to the Tax Court Rules of Practice and Procedure.  We round all monetary amounts to the nearest dollar.

[*2] Internal Revenue Service (IRS or respondent) to uphold the filing of a notice of Federal tax lien (NFTL). The IRS initiated the collection action with respect to petitioner's Federal income tax liability for 2012. Respondent has moved for summary judgment under Rule 121, contending that there are no disputed issues of material fact and that his determination to sustain the proposed collection action was proper as a matter of law. We agree and accordingly will grant the motion.

Background

The following facts are based on the parties' pleadings and respondent's motion papers, including the attached declaration and exhibits. See Rule 121(b). Petitioner resided in California when he filed his petition.

The IRS examined petitioner's 2012 Federal income tax return and sent him a timely notice of deficiency. After the case was docketed in this Court, the parties executed a stipulated decision document in which they agreed that there was a deficiency of $101,856 due from petitioner for 2012. The Court entered a decision to that effect in 2015. Fakurnejad v. Commissioner, T.C. Dkt. No. 9406-15 (Oct. 7, 2015).

As of May 2017 petitioner's unpaid tax liability for 2012 (including interest) was $109,981. In an effort to collect this liability the IRS sent him a Notice of Federal Tax Lien Filing and Your Right to a Hearing. He timely requested a CDP

[*3] hearing, stating that he could not pay the balance, asking that the NFTL be withdrawn, and seeking audit reconsideration for 2012.

Petitioner's case was assigned to a settlement officer (SO) from the IRS Appeals Office. The SO sent him a letter acknowledging receipt of his hearing request and scheduling a telephone CDP hearing for September 21, 2017. The SO advised petitioner that she could not consider a collection alternative unless he submitted proof of estimated tax payments for 2017 and a Form 433-A, Collection Information Statement for Wage Earners and Self-Employed Individuals, with supporting financial information. Petitioner did not provide any of this information to the SO before the hearing.

Petitioner's representative sent the SO an amended Schedule C, Profit or Loss From Business, for 2012 accompanied by a note indicating that petitioner sought audit reconsideration on the basis of this revised information. The SO called the representative and told him to follow the instructions in IRS Publication 3598, What You Should Know About the Audit Reconsideration Process, if petitioner wished to pursue audit reconsideration. She again requested a Form 433-A along with proof of estimated tax payments for 2017, and she set a deadline of two weeks for submission of these documents.

**[*4]** Petitioner's representative subsequently faxed to the SO a Form 433-A with limited supporting information, including business bank statements spanning three months. The SO received no evidence that petitioner had made the required estimated tax payments for 2017. Using the limited information available to her, the SO calculated that petitioner could make monthly payments of at least $1,879 to the IRS. For that reason she concluded that he was ineligible for "currently not collectible" status.

On October 24, 2017, the SO called the representative and left a voice message asking that he call her back to discuss her findings. The SO called him again a week later and left a second message indicating that she would close the case and sustain the NFTL filing if she received no response by November 2, 2017. On November 7, 2017, having received no further communication or documents from petitioner or his representative, the SO closed the case.

On November 13, 2017, the IRS Appeals Office issued petitioner a notice of determination sustaining the NFTL filing, and petitioner timely sought review in this Court. On December 4, 2018, respondent filed a motion for summary judgment, to which we directed petitioner to respond by January 7, 2019. We later extended to March 29, 2019, the time by which petitioner was to respond. He filed no response.

**[\*5]**                              Discussion

A.    Summary Judgment

The purpose of summary judgment is to expedite litigation and avoid costly, time-consuming, and unnecessary trials. Fla. Peach Corp. v. Commissioner, 90 T.C. 678, 681 (1988). The Court may grant summary judgment when there is no genuine dispute as to any material fact and a decision may be rendered as a matter of law. Rule 121(b); Sundstrand Corp. v. Commissioner, 98 T.C. 518, 520 (1992), aff'd, 17 F.3d 965 (7th Cir. 1994). In deciding whether to grant summary judgment, we construe factual materials and inferences drawn from them in the light most favorable to the nonmoving party. Sundstrand Corp., 98 T.C. at 520. However, the nonmoving party may not rest upon mere allegations or denials of his pleadings but instead must set forth specific facts showing that there is a genuine dispute for trial. Rule 121(d); see Sundstrand Corp., 98 T.C. at 520.

Because petitioner did not respond to the motion for summary judgment, we could enter a decision against him for that reason alone. See Rule 121(d). We will nevertheless consider the motion on its merits. We conclude that there are no material facts in dispute and that this case is appropriate for summary adjudication.

**[*6] B.      Standard of Review**

Neither section 6320(c) nor section 6330(d)(1) prescribes the standard of review that this Court should apply in reviewing an IRS administrative determination in a CDP case. But our case law tells us what standard to adopt. Where the taxpayer's underlying tax liability is properly before us, we review the IRS' determination de novo. Goza v. Commissioner, 114 T.C. 176, 181-182 (2000). We review the SO's decision in other respects for abuse of discretion only. Id. at 182. Abuse of discretion exists when a determination is "arbitrary, capricious, or without sound basis in fact or law." See Murphy v. Commissioner, 125 T.C. 301, 320 (2005), aff'd, 469 F.3d 27 (1st Cir. 2006).

**C.      Underlying Liability**

Petitioner seeks to dispute his underlying tax liability for 2012, apparently on the basis of his desire for audit reconsideration. But a taxpayer can challenge the existence or amount of his underlying liability only if he "did not receive any notice of deficiency for such liability or did not otherwise have an opportunity to dispute * * * [it]." Sec. 6330(c)(2)(B); see Sego v. Commissioner, 114 T.C. 604, 609 (2000). Petitioner received a notice of deficiency for 2012 and challenged the Commissioner's determinations in the case at docket No. 9406-15. We entered the parties' stipulated decision in that case, and the decision is now final. See sec.

**[\*7]** 7481(a).  Both section 6330(c)(2)(B) and principles of res judicata preclude petitioner from challenging the liability so established.  See Commissioner v. Sunnen, 333 U.S. 591, 598 (1948); Koprowski v. Commissioner, 138 T.C. 54, 60 (2012); Kanofsky v. Commissioner, T.C. Memo. 2014-153, 108 T.C.M. (CCH) 99, 103, aff'd, 618 F. App'x 48 (3d Cir. 2015).  We thus review the SO's action for abuse of discretion only.  See Goza, 114 T.C. at 182.[2]

D.     Abuse of Discretion

In determining whether the SO abused her discretion we consider whether she:  (1) properly verified that the requirements of any applicable law or administrative procedure had been met, (2) considered any relevant issues petitioner raised, and (3) determined whether "any proposed collection action balances the need for the efficient collection of taxes with the legitimate concern of \* \* \* [peti-

---

[2]Although petitioner requested audit reconsideration for 2012, he did not follow the SO's instructions about how to pursue that relief.  See supra p. 3-4.  A "grant of audit reconsideration is discretionary and any audit is conducted outside the CDP process."  Durda v. Commissioner, T.C. Memo. 2017-89, 113 T.C.M. (CCH) 1420, 1422 n.3; see Ludlam v. Commissioner, T.C. Memo. 2019-21, at \*9 n.3 (noting that the taxpayers could seek audit reconsideration but that "such reconsideration is not subject to judicial review").  In any event petitioner would not have been eligible for audit reconsideration for 2012 because this Court had finally decided his liability for that year.  See Internal Revenue Manual pt. 4.13.1.8(1)(f) (Dec. 16, 2015) ("A request for reconsideration will not be considered if \* \* \* [t]he United States Tax Court has entered a decision that has become final[.]").

[*8] tioner] that any collection action be no more intrusive than necessary." <u>See</u> sec. 6330(c)(3). Our review of the record establishes that the SO satisfied all three requirements.

The SO reviewed petitioner's transcripts of account to verify that his 2012 tax liability had been properly assessed. In his hearing request petitioner checked the box for NFTL withdrawal, but he failed to submit any documentation to show that he qualified for any categories justifying NFTL withdrawal under section 6323(j). The SO used the information available to her to estimate that petitioner could pay the IRS $1,879 per month and was thus ineligible for "currently not collectible" status. Petitioner did not question that determination. He proposed no other collection alternative, and the SO had no obligation to offer one. <u>See</u> <u>Cavazos v. Commissioner</u>, T.C. Memo. 2008-257, 96 T.C.M. (CCH) 341, 344 ("It is not an abuse of discretion for an appeals officer to sustain a levy and not consider any collection alternatives when the taxpayer has proposed none.").

In any event petitioner repeatedly failed to comply with the SO's requests that he supply evidence that he had made required estimated tax payments for 2017. Because petitioner was not current in his tax filing obligations, the SO could properly have rejected any collection alternative on this ground alone. <u>See</u> <u>Cox v. Commissioner</u>, 126 T.C. 237, 257-258 (2006), <u>rev'd on other grounds</u>, 514

[*9] F.3d 1119 (10th Cir. 2008); <u>Friedman v. Commissioner</u>, T.C. Memo 2015-196, 110 T.C.M. (CCH) 350, 352-353 (finding no abuse of discretion in rejecting collection alternatives where the taxpayer failed to show that he had made estimated tax payments); <u>Hull v. Commissioner</u>, T.C. Memo. 2015-86, 109 T.C.M. (CCH) 1438, 1441.  Finding no abuse of discretion in any respect, we will grant summary judgment for respondent and sustain the proposed collection action.

To reflect the foregoing,

<u>An appropriate order and decision</u>

<u>will be entered for respondent</u>.